**LOGAN v. UNITED STATES.**

No. 574.

Circuit Court of Appeals, Tenth Circuit.

May 6, 1932.

Rehearing Denied June 13, 1932.

Ralph A. Barney, of Pawhuska, Okl. (M. L. Holcombe and Clarence Lohman, both of Pawhuska, Okl., on the brief), for appellant.

John M. Goldesberry, U. S. Dist. Atty., of Tulsa, Okl., and Louis N. Stivers, Osage Tribal Atty., of Pawhuska, Okl. (A. E. Williams, Asst. U. S. Atty., of Tulsa, Okl., on the brief), for the United States.

Before LEWIS and COTTERAL, Circuit Judges, and VAUGHT, District Judge.

VAUGHT, District Judge.

This suit was brought by the United States, at the request of the Secretary of the Interior, for and on behalf of the Secretary, for and in its own behalf, and for and on behalf of Rhoda Wheeler Ridge, a full-blood restricted Osage Indian, and ward of the plaintiff, to recover excess payments under the Act of March 3, 1921, § 4 (41 Stat. 1250) that came into the hands of Carl T. Matthews, guardian of said Indian. The Supreme Court in 1924 held in Work v. United States ex rel. Lynn, 266 U. S. 161, 45 S. Ct. 39, 69 L. Ed. 223, that said section 4 limited the amounts to be paid thereunder to adult members of the tribe, not having a certificate of competency, to $1,000 quarterly, and, where incompetent adult members have legal guardians, said amount should be paid to their legal guardians. The Secretary had theretofore paid out the whole amount accruing to the credit of the Indian consisting of interest on trust funds, bonuses from the sale of leases, and royalties received during the previous fiscal quarter. It is the excess paid over $1,000 per quarter that is involved in this case. After the ruling of the Supreme Court, Congress passed the Act of February 27, 1925 (43 Stat. 1008 [25 USCA § 331 note]). That act provides that guardians receiving such excess shall account therefor to the Secretary of the Interior or the superintendent of the Osage Tribe, and that on failure to account the Secretary is authorized to bring suit against the guardian, his bondsmen, and other parties in interest as he may deem necessary for the protection of the interests of the ward, and may bring such action in any state court of competent jurisdiction or in the United States District Court for the district in which said guardian resides. Mat-

thews was appointed guardian of Rhoda Wheeler Ridge by the probate judge of Osage county, Okl., on December 8, 1922, and up to September, 1924, he had received, as guardian from the disbursing agent of the Osage agency for his ward, a total sum of $28,691.26, whereas, under the act of 1921, there should have been paid to him during that time only the sum of $8,000. In obedience to the act of 1925 he made settlement and paid over to the Secretary of the Interior the amount demanded of him. But his ward was an heir of Nah-me-tsa-he who died on the 27th day of January, 1924. Nah-me-tsa-he was also a full-blood restricted Osage Indian, and O. V. Pope acted as her duly appointed guardian from January 16, 1920, until her death. During that time Pope received payments under said act of March 3, 1921, from the disbursing agent of the Osage Indian agency the total sum of $78,859.42, whereas the restricted payments under the fourth section of that act as construed by the Supreme Court would not have been in excess of $10,000. The excess paid to him thus amounted to $68,859.42. On the death of Nah-me-tsa-he, Pope had in cash and securities approximately $44,000 as such guardian. He was then appointed administrator of the estate of Nah-me-tsa-he, and as her guardian he turned over to himself, as administrator of her estate, the funds and property which he then held. He and Rhoda Wheeler Ridge were the sole heirs of Nah-me-tsa-he. He thereupon disbursed to Carl T. Matthews one-half of said $44,000 then in his hands; retaining the remainder as heir. It is the remainder of this fund that Pope turned over to Matthews and now in his hands that the bill seeks to recover under the act of 1925. In 1930 Matthews made final statements of his acts as guardian and tendered his resignation. His accounts showed that he then had in cash and securities a little less than $12,000 attributable to the $22,000 turned over to him by Pope. Upon the resignation of Matthews, C. K. Logan, appellant, was appointed guardian of Rhoda Wheeler Ridge, and the said Logan requested that Matthews deliver to him the funds in his hands belonging to the said ward.

The superintendent of the Osage Indian agency represented by the Osage tribal attorney interpleaded in the probate court and asserted a right under the act of February 27, 1925, and asked that court for an order directing Matthews, as guardian of Rhoda Wheeler Ridge, to immediately deliver to him said funds and securities in the hands of Matthews as guardian. That court on October 10, 1930, disposed of the questions presented by holding that the remaining funds in the hands of Matthews were unrestricted, that the demurrer to the interplea of the superintendent of the Osage Indian agency should be sustained, and ordered and directed Matthews to turn the funds in his hands as guardian over to C. K. Logan, appellant, whom the court had appointed as guardian to succeed Matthews, on the approval of the Secretary of the Interior of Logan's appointment. The superintendent excepted to the action of the court and gave notice of appeal to the district court of Osage county, but did not perfect his appeal. Thereafter the present suit was brought in the court below.

As we view the case, there is no defense on the merits, but there is a plea of res adjudicata based, of course, on the action of the probate court just referred to. To sustain the plea, appellant's counsel relies upon United States v. Candelaria, 271 U. S. 432, 46 S. Ct. 561, 70 L. Ed. 1023. The distinction, as we see it, between that case and this is that it appears therein that the attorney who represented prior litigation in a case of the same character and between the same parties in the state court was employed and paid by the United States, whereas in this case the superintendent and his attorney, in making the interplea in the probate court, were not paid as such officers by the United States; but annual appropriations have been made by Congress and were being made at that time, and it was provided that they should be paid out of the funds held by the Secretary of the Interior for the Osage Indians. The tribal attorney was selected by the tribe. They were not, therefore, the representatives of the United States in making the interplea. There is no showing that the Secretary of the Interior advised that the interplea be made. We, therefore, conclude that the United States, as plaintiff in this suit, was not bound by the action of the county court in denying the interplea. For further facts in the Candelaria Case, see United States v. Candelaria (C. C. A.) 16 F.(2d) 559. Furthermore, the record shows no authority from Congress or the Secretary of the Interior in the superintendent of the Osage agency to bring suit as he did by his interplea for overpayments, whereas by the Act of 1925 Congress authorized only the Sec-

retary of the Interior to maintain such action.

The record discloses, however, that, even under the order of the county judge, Matthews, as former guardian, was directed to turn over to Logan, guardian of Rhoda Wheeler Ridge, all money and securities now in his hands upon the approval of the Secretary of the Interior of the United States of the appointment of said Logan, as guardian of Rhoda Wheeler Ridge. There is no evidence disclosed by the record that Logan's appointment as guardian was ever approved by the Secretary of the Interior, and until such approval, even under his contention, he was not entitled to the possession of the funds of said ward.

Matthews in his answer in this suit places himself in the position of a stakeholder. He expressed indifference as to whom the funds in his hands should be paid, further than that he be protected. He did not, therefore, join Logan in this appeal.

We hold the appellant's claim wholly without merit, and that the decree ordering and directing Matthews to turn over the money and property in his hands to the Secretary of the Interior, and enjoining Logan from making further claim thereto, was proper.

The judgment of the District Court is affirmed.