### CARTER v. KURN et al.
#### No. 11985.

Circuit Court of Appeals, Eighth Circuit.
May 15, 1941.

262

M. B. Grace, of Birmingham, Ala., for appellant.

E. L. Westbrooke, of Jonesboro, Ark., for appellees.

Before STONE, SANBORN, and WOODROUGH, Circuit Judges.

PER CURIAM.

This cause came on to be heard on the duly verified petition of John W. Carter, praying that an order be entered permitting him to prosecute the appeal "without paying the cost or giving security or paying the cost of printing the record", and the motion made by the appellees to dismiss the appeal (which we treat on this hearing as resistance to the petition). The petitioner states that he qualified as administrator of the estate of Edward Stanley Harp, deceased, for the purpose of instituting the action for damages in the District Court, and that neither he personally nor as such administrator, nor any of the beneficiaries in said action, are financially able to defray the expense of printing the record, to give security for same, or to pay the cost of appeal or to give security therefor.

The record discloses that the named decedent left five children surviving him who would be the beneficiaries in case of recovery in the action, and that the action was prosecuted by attorneys who, according to the averments of the appellees, each have "a substantial interest in the recovery."

Two points made by appellees against granting the petition are that the requirements of the applicable statute, 28 U.S. C.A. § 832, have not been complied with, in that (1) there is no showing that petitioner "believes that he is entitled to the redress he seeks" and that his appeal is meritorious; (2) the several persons beneficially interested in the action have not presented poverty affidavits.

 We think both points are well taken and that the present petition to proceed in forma pauperis should be denied. Where, as in this case, the action is prosecuted for the joint benefit of several persons, the petition to proceed in forma pauperis is insufficient unless each person directly interested in recovery makes the poverty affidavit required by the statute, stating facts to show the financial inability. Whether attorneys under contract to participate, if any there are,

must be included need not now be decided on the present record. The petition is denied. Appellees' motion to dismiss the appeal is overruled, without prejudice to being renewed if the parties are so advised.