### In re AMERICAN MOUNTING & DIE CUTTING CO.

### LEWIS v. MITTRICKER et al.

### No. 12249.

Circuit Court of Appeals, Eighth Circuit.

March 2, 1942.

A. B. Frey, of St. Louis, Mo., for petitioner.

Henry C. Hughes, of St. Louis, Mo., for respondent.

Before STONE, WOODROUGH, and JOHNSEN, Circuit Judges.

PER CURIAM.

This cause has been heard upon the petition of McMillan Lewis, Trustee in Bankruptcy of the American Mounting and Die Cutting Company, for leave to prosecute appeal as a poor person under the provisions of 28 U.S.C.A. § 832. The judgment sought to be reversed ordered certain valuable machinery belonging to the bankrupt to be turned over, but adjudicated against petitioner that one Mildred Mittricker had a valid lien on the machinery under her chattel mortgage in the sum of $4,735.00, and the judgment made provision for the satisfaction thereof out of the property. The district judge certified that the appeal was taken in good faith.

Petitioner alleges that he is entirely disinterested as an individual and that his only interest in the appeal is as trustee in bankruptcy; that there is only a small amount of money in the estate which is entirely insufficient to cover the costs upon appeal; that although claims have not yet been allowed, there are numerous creditors having claims on file, of whom petitioner has listed twenty-one, including nationally prominent private corporations and municipal, state and federal authorities asserting tax claims.

We think the petition is insufficient to justify procedure in forma pauperis. It is evident that the appeal is to be prosecuted for the benefit of the creditors of the estate, that they have the actual beneficial interest, and that they are not persons entitled to proceed in forma pauperis. Our conclusion was to the same effect when the same statute was invoked by an administrator of the estate of a decedent alleged to have suffered fatal injuries from negligence. Carter v. Kurn, 8 Cir., 120 F.2d 261. On further examination of the cases that have arisen under 28 U.S.C.A. § 832, we see no reason to recede from the declarations in Carter v. Kurn, supra, which are also controlling here. See Reed v. Pennsylvania Co., 6 Cir., 111 F. 714, Chetkovich v. United States, 9 Cir., 47 F.2d 894.