**RIVER VALLEY, INC., Plaintiff,**

v.

**DUBUQUE COUNTY et al., Defendants.**

**No. 73-C-1015-ED.**

United States District Court,
N. D. Iowa, E. D.

Feb. 11, 1974.

James H. Reynolds, Dubuque, Iowa, for plaintiff.

E. Michael Carr, County Atty., Manchester, Iowa, for defendant Delaware County.

Thomas F. Peckosh, County Atty., Maquoketa, Iowa, for defendant Jackson County.

R. N. Russo, Dubuque, Iowa, for defendant City of Dubuque.

ORDER

McMANUS, Chief Judge.

This matter is before the court on plaintiff's motion filed January 28, 1974, to appeal in forma pauperis from an order denying its request for a preliminary injunction.

In this action, plaintiff, a private non-profit Iowa corporation operating as a Community Action Agency (CAA) under the Economic Opportunity Act, seeks to compel defendants to assist it in obtaining financial and technical assistance for its programs as required by law

until such time as defendants legally de-designate it as their public governmental CAA in accordance with the regulations of the Office of Economic Opportunity.

The court, on January 16, 1974, denied plaintiff's request for a preliminary injunction on the grounds that plaintiff failed to adequately establish a substantial probability of success on the merits, irreparable injury, or that the public interest dictated issuance of an injunction.

In its motion, plaintiff contends that pursuant to 28 U.S.C. § 1915(a) and (b) it should be allowed to appeal in forma pauperis and should be provided with a transcript of the proceedings before this court.

28 U.S.C. § 1915(a) and (b) provide, in part:

"(a) Any court of the United States may authorize the commencement . . . of any suit . . . or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.

An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

(b) In any civil or criminal case the court may, upon the filing of a like affidavit, direct that the expense of printing the record on appeal, if such printing is required by the appellate court, be paid by the United States . . . ."

■ The question of whether a corporation is a "person" within the meaning of 28 U.S.C. § 1915(a) has been the infrequent subject of judicial pronouncement. S. O. U. P., Inc. v. F. T. C., 146 U.S.App.D.C. 66, 449 F.2d 1142 (1971), represents one of the few recent cases to discuss the issue. The court in S. O. U. P., Inc., denied the application of a public interest corporation to proceed in forma pauperis on the basis of the low costs of the proceedings and financial statements filed by several members of the plaintiff corporation and merely assumed for purposes of argument that a corporation may proceed in forma pauperis in appropriate circumstances, without delineating those circumstances. In his dissent, Chief Judge Bazelon stated that, based upon the legislative purpose in enacting § 1915(a) and the statutory guidelines for the interpretation of Congressional acts, the word "person" in § 1915(a) should be defined to include corporations. A corporation, he indicated, should be allowed to proceed in forma pauperis where the action is not frivolous or malicious and where the corporate form has not been adopted as a subterfuge to avoid the payment of court costs.

1 U.S.C. § 1 provides, in part:

"In determining the meaning of any Act of Congress, unless the context indicates otherwise— . . . the words 'person' and 'whoever' include corporations, companies . . . as well as individuals. . . ."

Neither the language nor the legislative history of § 1915(a) indicates that a corporation composed of and serving primarily poor persons should not be allowed to proceed in forma pauperis the same as an indigent individual. More importantly,

"[t]he purpose of the in forma pauperis statute is to insure that indigent parties will not be precluded from litigating significant questions merely because they are unable to pay a relatively small fee. Like an individual, a corporation may lack the means to meet this threshold expense, and thus it too may be barred from the courtroom without regard to the merits of its claim." S. O. U. P., Inc. v. F. T. C., supra, at 1144 (Bazelon, C. J., dissenting).

■ For these reasons, the court is of the view that a corporation is entitled to proceed in forma pauperis pursuant

to 28 U.S.C. § 1915(a) under appropriate circumstances. Furthermore, applying the general guidelines set forth in *S. O. U. P., Inc.*, it appears that plaintiff corporation in this case should be allowed to proceed as a poor person under § 1915(a). Plaintiff's appeal appears neither frivolous nor malicious and there can be no doubt that the corporation was not formed as a subterfuge to avoid the payment of court costs. Plaintiff was formed over five years ago for the purpose of assisting the poor and underprivileged in Dubuque, Delaware and Jackson Counties. Considering the nature of plaintiff's operation and the persons served thereby, and in view of the fact that defendants have effectively cut off all previous sources of funds for plaintiff and directed that plaintiff spend no more money, it appears to the court that the plaintiff is truly in good faith without funds to maintain this action.

It is therefore

Ordered

Plaintiff is granted leave to appeal in forma pauperis and the expense of printing the record on appeal shall be paid by the United States.