HARLEM RIVER CONSUMERS
COOPERATIVE, INC., Plaintiff,

v.

ASSOCIATED GROCERS OF HARLEM,
INC., et al., Defendants.

No. 70 Civ. 4128.

United States District Court,
S. D. New York.

April 6, 1976.

Cora T. Walker, New York City, for plaintiff.

Joseph Zuckerman, Rosenman, Colin, Freund, Lewis & Cohen, New York City, Liaison Counsel for 43 defendants.

PIERCE, District Judge.

### MEMORANDUM AND ORDER

This is a private antitrust action in which the plaintiff, Harlem River Consumers Cooperative, Inc. (the Co-op) sued forty-three individual and corporate defendants from various parts of the food industry charging them with engaging in a massive conspiracy to drive the Co-op out of business in violation of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, 2, and the New York State laws prohibiting combinations in restraint of trade. See Section 340 of the New York State General Business Law. The plaintiff is a non-profit corporation organized pursuant to the New York Cooperative Corporations Law.

Before trial, summary judgment was granted in favor of five of the defendants. At the close of the plaintiff's evidence, the Court granted the motions of thirty-five of the remaining defendants and directed a verdict in their favor. At the close of the entire case, the Court submitted the case to the jury which returned a verdict for the three remaining defendants as to the plaintiff's federal antitrust claims and was unable to agree on a verdict as to the state law claims. In a post-trial opinion, the Court declined to set aside the jury's verdict as to the federal claims, rendered a verdict for the defendants as to the plaintiff's equitable claims which had been tried to the Court, and dismissed the state law claims for lack of federal jurisdiction.

The plaintiff Co-op has filed notices of appeal from all of the final judgments which were entered in this action in accordance with the determinations of the Court.

By means of the motion now before this Court, the plaintiff seeks leave to prosecute these appeals in forma pauperis pursuant to the provisions of 28 U.S.C. § 1915.[1] In particular, the plaintiff seeks (1) leave to

---

1. 28 U.S.C. § 1915 reads in pertinent part:

"(a) Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

"(b) In any civil or criminal case the court may, upon the filing of a like affidavit, direct that the expense of printing the record on appeal, if such printing is required by the appellate court, be paid by the United States, and the same shall be paid when authorized by the Director of the Administrative Office of the United States Courts.

\* \* \* \* \* \*

"(d) The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."

proceed without prepayment of fees and costs or giving security therefor, see § 1915(a), (2) an order directing that the cost of printing the record on appeal be paid by the United States, or in the alternative, permission to proceed without a printed record, see § 1915(b), (3) an order directing that fees for obtaining a copy of the trial transcript shall be paid by the United States, see 28 U.S.C. § 753(f),[2] (4) appointment of counsel, see § 1915(d), and (5) payment of counsel fees and expenses.

This application to proceed in forma pauperis presents three distinct questions: (1) whether the petitioner has made a sufficient showing of poverty, (2) whether the petitioner is a "person" for the purposes of § 1915, and (3) whether the appeal is taken in "good faith". On the basis of the papers presented on this application and the record of the proceedings before this Court, the Court must make an assessment as to each of these issues.

■ The affidavits submitted together with this application establish to the Court's satisfaction the poverty of the plaintiff corporation. Further, they also establish the poverty of the corporation's membership viewed as a group. Thus, the Court finds the requirement of poverty to have been met, whether or not this case is one in which it would be appropriate to "pierce the corporate veil" and examine the financial condition of the shareholders of the corporation as well as the condition of the corporation itself. See *S.O.U.P., Inc. v. FTC*, 146 U.S.App.D.C. 66, 449 F.2d 1142 (1971); Comment, *Proceeding In Forma Pauperis in Federal Court: Can Corporations be Poor*

*"Persons"?*, 62 Cal.L.Rev. 219, 235–43 (1974) [hereinafter, Comment, *In Forma Pauperis*].

The question of whether the petitioner, as a nonprofit corporation, is a "person" for the purposes of § 1915 has two aspects. The first is whether a corporation can ever be considered a "person" under § 1915 and the second is whether the plaintiff in this case should be so categorized. Prior to amendment in 1959, the in forma pauperis statute applied to any "citizen" who met its requirements. Corporations were denied leave to proceed in forma pauperis on the ground that they were not "citizens". See *Atlantic S.S. Corp. v. Kelley*, 79 F.2d 339 (5th Cir. 1935); *Quittner v. Motion Picture Producers & Distributors of America, Inc.*, 70 F.2d 331 (2d Cir. 1934).

In 1959, Congress amended the statute to change the word "citizen" to "person". The legislative history reveals that the sole stated purpose for making the change was to allow resident aliens to avail themselves of the benefits of the statute.[3] There is no evidence that Congress considered, one way or the other, the question of whether the change would extend the coverage of the statute to corporations.

In this Court's view, neither the words of the statute nor its legislative history can be read to attribute to Congress an intent *not* to include corporations of whatever nature within the meaning of the word "person" in this statute. At the time of the amendment, 1 U.S.C. § 1 was in effect which provides in part that "In determining the meaning of any Act or resolution of Congress . . . the word 'person' may ex-

On a previous occasion during the course of this litigation this Court did grant the plaintiff leave to appeal in forma pauperis from an order of the Court denying the plaintiff's application for further preliminary injunctive relief. See *Harlem River Consumers Cooperative, Inc. v. Associated Grocers of Harlem, Inc.*, 371 F.Supp. 701 (S.D.N.Y.1974) (unpublished Order). In the context of the instant application, the Court elects to reexamine the basis for its earlier decision as well as to consider the specific factual issues now presented.

2. 28 U.S.C. § 753(f) reads in pertinent part:

"(f) . . . Fees for transcripts furnished in . . . proceedings [other than criminal or habeas corpus proceedings or proceedings brought under 28 U.S.C. § 2255] to persons permitted to appeal in forma pauperis shall . . . be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)."

3. H.R.Rep.No.650, 86th Cong., 1st Sess. (1959); S.Rep.No.947, 86th Cong., 1st Sess. (1959); 105 Cong.Rec. 13714 (1959); 105 Cong.Rec. 18909 (1959), U.S.Code Cong. & Admin.News 1959, p. 2663.

tend and be applied to . . . corporations. . . . " Congress may be assumed to have been aware of this provision at the time of the 1959 amendment to § 1915. Further, it should be noted that Rule 24(a) of the Federal Rules of Appellate Procedure which governs this situation, refers to "any party" not to "any person."

■ The purpose of providing for leave to proceed in forma pauperis is to assure that litigants will not be deprived of access to the judicial system because of their financial circumstances. *S.O.U.P., Inc. v. FTC, supra*, 449 F.2d at 1144 (Bazelon, C. J., dissenting). Such a provision, embodied by statute in the law of the United States since 1892,[4] reflects a tradition which has existed for centuries in Anglo-American law. See Comment, *In Forma Pauperis, supra*, at 221. This Court can find nothing in the language, the legislative history, or the policy underlying the in forma pauperis statute which supports denial of the benefits of this provision to a litigant, solely because that litigant is a corporation.

■ The scant judicial authority addressing this question since the statutory amendment is not to the contrary. In *River Valley, Inc. v. Dubuque County*, 63 F.R.D. 123 (N.D.Iowa 1974), the Court held that a corporation was a "person" which could proceed in forma pauperis under the statute. In *S.O.U.P., Inc. v. FTC, supra*, the Court denied the corporation before it leave to proceed in forma pauperis while assuming *arguendo* that under appropriate circumstances such leave could be granted. The dissent argued not only that the tentative assumption of the majority was correct, but that under the facts of the particular case, the corporate litigant should be considered a person. *Id.* 449 F.2d at 1143 (Bazelon, C. J., dissenting). And, while the Court in *Honolulu Lumber Co. v. American Factors, Ltd.*, 265 F.Supp. 578 (D.Hawaii 1966) also denied leave to appeal in forma pauperis to the corporation before it, the Court did so relying largely on the fact that Congress had not expressed an intent to extend the coverage of the statute to corporations when it amended the statute in 1959. See *id.* at 580. As an alternative holding, the Court found that leave to appeal in forma pauperis would be denied under the facts of the case, even if the statute were construed as authorizing corporations to sue in forma pauperis. See *id.* at 580–81. This Court now holds that under appropriate circumstances, a corporation may be considered a "person" for the purposes of 28 U.S.C. § 1915.

■ The question arises, therefore, whether the facts of this case are such that the plaintiff corporation should be considered a "person" within the meaning of the in forma pauperis statute. The answer is in the affirmative.

The corporation in this case, while engaged in a commercial enterprise, is a nonprofit corporation as was the plaintiff in *River Valley, Inc. v. Dubuque County, supra*. There is a public interest quality to the stated goal for which the corporation was formed, to wit, to provide quality food to low income persons at fair prices. It is clear to the Court that the individual members of this consumer co-op, unlike the backers of S.O.U.P., Inc., are unable to finance the costs of these appeals and that the corporation was not formed for the purpose of avoiding legal fees. Nor is this a situation in which individual shareholders of the corporation stand to reap substantial personal financial benefit should there be a recovery by the plaintiff in this action. See *Honolulu Lumber Co. v. American Factors, Ltd., supra*, at 581. The Court notes additionally that there is a public interest aspect to any private suit for treble damages under the antitrust laws since it is in part through such actions that the purposes of the antitrust laws are effectuated. See *Zenith Corp. v. Hazeltine*, 395 U.S. 100, 130–31, 89 S.Ct. 1562, 1580, 23 L.Ed.2d 129, 152 (1969). For all of these reasons, the Court concludes that the corporate plaintiff herein should be considered a "person" within the meaning of § 1915.

The final issue presented on this application requires an assessment of the questions

4. Act of July 20, 1892, Ch. 209, 27 Stat. 252.

presented for appeal. As set forth in the moving affidavits and accompanying brief these questions are:

"1. Whether or not the Court erred in declining to admit evidence of prior criminal convictions of several Defendants for conspiracy based on the same facts out of which Plaintiff's claims arise, and in failing to accord the Plaintiff the benefit of the finality of these jury verdicts;

"2. Whether or not the Court erred in declining to admit the evidence of the aforesaid judgments and verdicts as evidence of the conspiracy as to all the Defendants;

"3. Whether or not the Court erred in declining to admit as evidence, specific findings of fact by the National Labor Relations Board based on the same facts out of which Plaintiff's claims arise, and in failing to accord the Plaintiff the benefit of the finality of said findings of fact;

"4. Whether or not the Court erred in excluding evidence material to the Plaintiff's case, including the evidence cited above;

"5. Whether or not the Court erred in granting directed verdicts for the Defendants."

■ There are again two parts of the issue presented: (1) whether the appeal is taken in "good faith" as that term is used in § 1915, so as to entitle the plaintiff to any relief under the in forma pauperis provision, and (2) whether the appeal is not frivolous, but presents a substantial question, so as to entitle the plaintiff to have the fees for a copy of the trial transcript paid by the United States, pursuant to 28 U.S.C. § 753(f).

■■ "Good faith" within the meaning of § 1915 means the presentation of issues for appeal which, judged by an objective standard, are not frivolous. See *Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct. 917, 921, 8 L.Ed.2d 21, 28 (1962); *Ellis v. United States*, 356 U.S. 674, 78 S.Ct. 974, 2

L.Ed.2d 1060 (1958); *Miranda v. United States*, 458 F.2d 1179, 1181 (2d Cir.), *cert. denied*, 409 U.S. 874, 93 S.Ct. 207, 34 L.Ed.2d 126 (1972). A "substantial question" within the meaning of § 753(f) has been defined as one which, also judged on an objective basis, is a question which is "reasonably debatable." See *Ortiz v. Greyhound Corp.*, 192 F.Supp. 903 (D.Md.1959). The Court concludes that in this case the questions set forth by the plaintiff satisfy neither of the statutory requirements.

As to the first three questions, the Court is satisfied that there is no non-frivolous issue for appeal concerning the use which could be made and the effect which appropriately could be given during the trial of this action to findings of fact made and judgments reached in previous judicial and administrative proceedings which grew out of the same general complex of facts as the plaintiff's civil action under the antitrust laws. The prior criminal convictions plaintiff refers to were found inadmissible under Rule 609, Federal Rules of Evidence.[5] As to these convictions and the prior administrative proceedings before the National Labor Relations Board, the plaintiff failed at trial and has failed on this application to demonstrate to the Court any legitimate basis for according them collateral estoppel effect in this civil action. Even if the Court were persuaded that these questions presented non-frivolous issues for appeal, the Court would not require the United States to produce a transcript for this appeal since it is the Court's view that the questions present issues of law which could easily be decided without recourse to the trial record.

As to the last two questions set forth, the Court is unable to determine, based on the plaintiff's submissions on this motion, just what specific questions plaintiff claims are substantial enough to warrant the relief sought in connection with this appeal.

■ It might be argued that in the absence of the record which plaintiff seeks by

---

5. While the trial began on May 1, 1975, before the actual effective date of the Federal Rules of Evidence, the Court announced before trial that the new rules would be applied to this case, without objection from any counsel.

means of this motion, the plaintiff is unable to identify the issues for appeal with more particularity. Such an argument was addressed by the Court of Appeals for this Circuit in *Jaffe v. United States*, 246 F.2d 760 (2d Cir. 1957). In that case, the plaintiff applied to the Court of Appeals for certification that there was a substantial issue for appeal so that a transcript could be furnished to her at Government expense. She advanced as the issue for appeal the question of whether the findings of the trial court were supported by a preponderance of the evidence. In denying the relief sought, Judge Learned Hand wrote for a unanimous panel:

> "We are of course aware that a thorough decision whether there was a substantial question would depend upon a scrutiny of the whole record; so that, speaking literally, we could not adequately decide the motion until after we had granted it. Plainly, therefore, we must proceed upon what the motion papers contain, and they state only bare conclusions. Thrown back upon these we hold that the contents of the record as therein stated do not appear in enough detail to support the motion." *Id.* at 762.

The Court is not prepared on the basis of the present showing, to put the public to the expense of paying an estimated $25,000 for the transcription of the trial record of this case in order to enable the plaintiff to rummage through the record looking for errors.[6] Cf. *Ellis v. Maine*, 448 F.2d 1325 (1st Cir. 1971); *Jackson v. Turner*, 442 F.2d 1303 (10th Cir. 1971); *Chavez v. Sigler*, 438 F.2d 890 (8th Cir. 1971); *United States v. Shoaf*, 341 F.2d 832 (4th Cir. 1964). But cf. *MacCollom v. United States*, 511 F.2d 1116 (9th Cir. 1974), *cert. granted*, 423 U.S. 821, 96 S.Ct. 34, 46 L.Ed.2d 38, 44 U.S.L.W. 3200 (1975).

In sum, the Court's findings with respect to this motion are that the plaintiff is indigent as required by § 1915, that the plaintiff is a "person" within the meaning of § 1915, that the appeal is not taken in "good faith" as that term is used in § 1915, and that the appeal does not present a "substantial question" within the meaning of § 753(f). Accordingly, the plaintiff's motion is denied in all respects.[7]

SO ORDERED.

---

6. The cost of producing the transcript falls on the public due to the provision in 28 U.S.C. § 753(f) that the fees shall be paid by the United States in appropriate cases. The Court notes, however, that the Administrative Office of the United States Courts has taken the position that corporations may not validly be authorized to proceed in forma pauperis. Thus, when, as set forth hereinabove, this Court previously allowed the plaintiff in this action to appeal in forma pauperis and the Southern District Court Reporters (SDCR), at considerable cost to themselves, provided a copy of the district court proceedings on an expedited basis, the Administrative Office refused to reimburse the SDCR, despite the Court's findings that the plaintiff was entitled to proceed under 28 U.S.C. § 1915 and had raised a substantial question on appeal, as required by § 753(f). See also *River Valley, Inc. v. Dubuque County*, 507 F.2d 582 (8th Cir. 1974).

7. Even if the Court's conclusion were different on the merits of this application, the Court would not grant all of the relief sought. The Court would not order the United States to pay the cost of printing the record for appeal, see § 1915(b), since upon appropriate application to the Court of Appeals that Court has the power to waive the requirement of a printed record. See Rule 24(c), Federal Rules of Appellate Procedure. As stated *supra*, the Court does not view the transcription of the trial record as necessary for the review of those specific questions the plaintiff has set forth. The Court would not appoint counsel under § 1915(d) since the plaintiff is represented by counsel on this motion as it has been throughout the proceedings in this Court and the Court has been presented with no information indicating that plaintiff's counsel is no longer willing to represent the plaintiff in this matter. And, in any event, the Court would not order the payment of counsel fees and expenses since neither 28 U.S.C. § 1915 nor any other provision of federal law provides for such payment in a civil case such as this one.