## Novelty Knitting Mills, Inc. v. Siskind

*David Berger* and *S. Regen Ginsberg*, for plaintiffs.

*Leonard Dubin*, for defendant.

DOTY, *J.*, December 28, 1978—This matter comes before the court on a motion by plaintiffs to proceed in forma pauperis on appeal to the Superior Court.

On February 11, 1970, a writ of foreign attachment was filed with the prothonotary. On February 16, 1970, a complaint was filed which alleged that defendant had interfered with certain contractual arrangements between plaintiff and other third parties. It was further alleged that these acts caused substantial money damages to plaintiff's business.

Plaintiff corporation was adjudged a bankrupt on April 12, 1971, by the Honorable Emil F. Goldhaber, in bankruptcy court for the Eastern District of Pennsylvania (Federal Civil Case No. 70-145). The court appointed as trustees for the bankrupt,

David Berger, Esq., and S. Regen Ginsberg, Esq., who brought this action.

After numerous pre-trial motions a non-jury trial took place before the Honorable Merna B. Marshall and on November 9, 1977, the court filed findings of fact and conclusions of law and entered judgment in favor of defendants with an order that the writ of attachment be dissolved.

Plaintiff corporation through its trustees in bankruptcy filed exceptions which were dismissed by the court on May 30, 1978.

An appeal was taken from the order of the trial court dated May 30, 1978, on June 28, 1978, to the Superior Court.

On July 11, 1978, appellant, plaintiff corporation, filed a petition for relief from reproduction of the record under Pa.R.A.P. 2151(d). Appellees filed their answer to said petition on July 18, 1978, and appellant filed a reply to appellee's answer. On July 25, 1978, the relief requested by appellant was denied per curiam.

On August 28, 1978, appellant's petition for reconsideration was filed and on August 31, 1978, it was denied once again per curiam. The Superior Court issued with that denial the following order: "And now, August 31, 1978, Petition for Reconsideration of petition for relief from reproduction of the record is denied without prejudice to *appellant to apply to court below to proceed in forma pauperis.*" (Emphasis supplied.)

Plaintiff corporation, through its trustees in bankruptcy, filed the instant petition to proceed on appeal in forma pauperis on September 15, 1978. On September 22, 1978, a rule to show cause was signed setting the case down for argument for October 23, 1978.

The parties in this case appeared before the Honorable Ethan Allen Doty on said date and presented oral agrument on the question. Subsequent to the hearing each side submitted memoranda of law on the subject.

The matter was re-argued December 22, 1978, before the court.

The urgency in resolving this issue is due to the fact that if this petition is denied it will preclude plaintiff from proceeding with the appeal.

Plaintiff corporation, through its trustees in bankruptcy, submits that if its petition is granted the only costs which will be saved are those which go to reproduce the record so that each judge of the Superior Court would have his own copy. The trustees have represented to this court that said cost would amount to $1,500. In addition, a decision by this court, granting in forma pauperis status to plaintiff corporation would allow the trustees to submit their briefs to the Superior Court in typewritten, rather than printed form.

The question involved here is can a corporation petition and be granted in forma pauperis status for purposes of prosecuting an appeal?

Access to the courts for bankrupts or insolvents provided by English Common Law has been adopted in Pennsylvania.

In Pennsylvania, in the instance of an appeal, the applicable rule is Rule 552 of the Pa.R.A.P. which states:

(a) "A party who is not eligible to file a verified statement under Rule 551 (continuance of in forma pauperis status for purposes of appeal) may apply to the lower court for leave to proceed on appeal in forma pauperis. The application may be filed before

or *after the taking of the appeal*, but if filed before the taking of the appeal, the application shall not extend the time for the taking of the appeal." (Emphasis supplied.)

The question has been raised as to whether a corporation is a person. The Act of May 28, 1937, P.L. 1019, art. VIII, sec. 101, as amended, 46 P.S. §601, defines "person" to include a corporation, partnership and association, as well as a natural person.*

Now it has been argued that in suits brought by trustees in bankruptcy, the affidavit of pauperacy should be filed by the creditors rather than the trustees. See, 62 Cal.L.Rev. 219, 235-43 (1974); In re American Mounting & Die Cutting Co., 126 F. 2d 419 (8th Cir. 1942); Roche v. New Hampshire Nat. Bank, 97 F. Supp. 61 (D.N.H. 1951).

However, in the instant case suit was brought by the corporation, not by the trustees, and we have therefore determined that the corporate entity is the proper "person" to be considered as to pauperacy. Obviously, the trustee in bankruptcy could not surcharge the creditors for costs nor should the trustees be charged themselves, personally, in the event their suit is not successful.

In Harlem River Cons. Co-Op. v. Assoc. Grocers, etc., 71 F.R.D. 93 (S.D.N.Y. 1976), it was held, the purpose of providing for leave to proceed in forma pauperis is to assure that litigants will not be deprived of access to the judicial system because of their financial circumstances: S.O.U.P. Inc. v. Fed. Trade Comm., 449 F. 2d 1142, 1144, (D.C. Cir. 1971). The court further stated: "This Court can

---

*This definition has been repeated in 1 Pa.C.S.A. §1991. However, this was enacted after this suit was instituted.

find nothing in the language, the legislative history, or the policy underlying the in forma pauperis statute which supports denial of the benefits of this provision to a litigant, *solely because that litigant is a corporation.*" 71 F.R.D. 96. (Emphasis supplied.)

## ORDER

And now, December 28, 1978, upon consideration of the above, it is hereby ordered and decreed, that plaintiff may proceed in forma pauperis on appeal to the Superior Court.