**In re Charles Randall HAMBLEN and Janet Smith Hamblen, Brookstone Fine Wood Products, Inc., Closet & Storage Solutions, LLC, Debtors.**

**S. Gregory Hays, Chapter 7 Trustee for Charles Randall Hamblen and Janet Smith Hamblen, Brookstone Fine Wood Products, Inc., and Closet & Storage Solutions, LLC, Plaintiff,**

**v.**

**Hamblen Family Irrevocable Trust; Lonna Harris, individually and as Trustee of the Hamblen Family Irrevocable Trust; Sara Ann Jones Smith, individually and as Trustee of the Hamblen Family Irrevocable Trust; Grant K. Gibson, individually and as Trustee of the Hamblen Family Irre-**

---

vocable Trust, of NPPH HC, of 230 Woodward Trust, of 625 Atwood Trust, and of 12230 Cumming Highway Trust; NPPH HC, Janet Smith Hamblen, Charles Randall Hamblen, 12230 Cumming Highway Trust, 230 Woodward Trust, 625 Atwood Trust, and Halstin Company, LLC, Defendants.

Bankruptcy Nos. 05–95215JB
to 05–95217–JB.

Adversary No. 06–6394.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Dec. 20, 2006.

A. Alexander Teel for Chapter 7 Trustee, Gregory Hayes, for Plaintiff.

Nicholas W. Wittenburg for Lonna Harris.

William Russell Patterson for Sara Ann Jones Smith.

Grant K. Gibson, pro se.

## ORDER

JOYCE BIHARY, Bankruptcy Judge.

This adversary proceeding involves the question of whether the defendant trusts can appear as *pro se* litigants. The Court concludes that they cannot.

The plaintiff Chapter 7 Trustee seeks, among other things, to avoid certain transfers and to recover three pieces of real property for the bankruptcy estate. The properties are 230 Woodward Avenue and 625 Atwood Street, both located in Atlanta, Georgia and 12230 Cumming Highway, located in Canton, Georgia. Plaintiff alleges that the real estate records reflect that interests in these properties were conveyed to 230 Woodward Trust, 625 Atwood Trust, and 12230 Cumming Highway Trust, respectively. Plaintiff names five trusts as defendants in this proceeding,[1] and defendant Grant K. Gibson is named in the complaint as a defendant individually and as trustee of each of the defendant trusts. Mr. Gibson is not an attorney, but he filed a motion for a more definite statement on behalf of himself and the trusts.[2] Plaintiff contends that Mr. Gibson cannot represent the defendant trusts, as trusts can only be represented in court by a licensed attorney (Docket # 20). Mr. Gibson filed a response, arguing that he as a non-lawyer is entitled to represent the defendant trusts. As best the Court can

---

1. The defendant trusts are the Hamblen Family Irrevocable Trust, NPPH HC, 230 Woodward Trust, 625 Atwood Trust, and 12230 Cumming Highway Trust.

2. The Court denied that motion in an Order entered on December 14, 2006.

understand, Mr. Gibson argues that these are land trusts rather than business trusts, that he holds all the legal and equitable interests in these trusts, and that these trusts are deemed natural persons rather than artificial entities such that they have the same rights under law as an individual, including that of *pro se* representation in court (Docket # 27).

Plaintiff argues and Mr. Gibson agrees that only a licensed attorney may represent an artificial entity such as a corporation, partnership, association, or trust in federal court. *Rowland v. California Men's Colony*, 506 U.S. 194, 203, 113 S.Ct. 716, 721, 121 L.Ed.2d 656 (1993); *C.E. Pope Equity Trust v. U.S.*, 818 F.2d 696, 697 (9th Cir.1987); *See also Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir.1985) (stating the well established rule that a fictional legal person such as a corporation must be represented by a licensed attorney even when the non-attorney seeking to represent the corporation is its president and major stockholder); *Knoefler v. United Bank of Bismark*, 20 F.3d 347, 348 (8th Cir.1994) (holding that a nonlawyer trustee has no right to represent a trust *pro se*). Mr. Gibson recognizes that "many types of entities, including LLCs, partnerships, unincorporated association [sic], clubs, guardians and even certain types of trusts," require representation by counsel in federal court. ("Defendant Gibson's Objection to Trustee's Motion to Strike," hereinafter "Mr. Gibson's Objection," at 4). He attempts to distinguish "Massachusetts style business trusts" from "Illinois style land trusts," contending that business trusts are required to have counsel in court, but that land trusts may be represented by their non-attorney trustees. The law cited by Mr. Gibson does not support his position.

Mr. Gibson first distinguishes business trusts from land trusts by noting that business trusts can file for bankruptcy protection while land trusts cannot. He presents this material in both the body of his objection and in a lengthy footnote. (Mr. Gibson's Objection at 6–7, 6 n. 1). There are several problems with Mr. Gibson's presentation of the law. First, he refers to several cases without proper citation; he gives the names of some cases without providing the Court or opposing counsel with the name of the reporter, book number, page number, name of court, or year of decision. In some cases, he provides the name of the case and name or location of the court, but omits any mention of the other information required for a proper citation. Second, Mr. Gibson appears to have copied most of the material on page 6 of his Objection from a 1997 article titled *Off–Balance–Sheet Financing: Synthetic Leases*, by John C. Murray, 32 Real Prop. Prob. & Tr. J. 193, 206–07 and nn. 17, 22 (1997), but Mr. Gibson fails to cite the article. (Mr. Gibson's Objection at 6 n. 1). Mr. Gibson repositions some of Mr. Murray's text, removes citations and other text which Mr. Murray includes, and renumbers Mr. Murray's subscript footnote numbers.

Third, Mr. Gibson uses Mr. Murray's discussion of four cases, *In re Sung Soo Rim Irrevocable Intervivos Trust*, 177 B.R. 673, 675–76 (Bankr.C.D.Cal.1995); *Shawmut Bank Connecticut v. First Fidelity Bank (In re Secured Equip. Trust of Eastern Air Lines, Inc.)*, 38 F.3d 86 (2d Cir.1994); *In re Medallion Realty Trust*, 103 B.R. 8, 10–13 (Bankr.D.Mass.1989); and *In re Gonic Realty*, 50 B.R. 710, 711–12 (Bankr.N.H.1985), but none of these cases is relevant to the issue here. In each case, the issue was whether the trust debtor qualified for bankruptcy protection as a business trust pursuant to 11 U.S.C. § 101(9)(A)(v), not whether the trust could appear in court without counsel. Signifi-

cantly, the trusts in these four cases were represented by counsel.

Perhaps the most remarkable part of Mr. Gibson's Objection appears in the third paragraph of his footnote on page 6. Again, Mr. Gibson appears to have copied material from Mr. Murray's article without citation. However, in this paragraph, he alters Mr. Murray's text by inserting a clause about Georgia law. Specifically, Mr. Murray's article contains the following sentence:

> Florida, Hawaii, Indiana, North Dakota, and Virginia have statutes that permit land trusts, while states such as California and Kansas have permitted the creation of land trusts through court decisions.

Murray at n. 22. In his footnote, Mr. Gibson splices that sentence and adds language so that his Objection reads as follows:

> Florida, Hawaii, Indiana, North Dakota, and Virginia have statutes that permit land trusts. **Georgia has enacted the 'Georgia Trust Act' which allows Trusts to hold Land,** while states such as California and Kansas have permitted the creation of land trusts through court decisions.

(emphasis added). By this insertion, Mr. Gibson intimates that Georgia law has a statute that allows land trusts. But Mr. Murray did not include Georgia in his list of states with such a statute, and the parties have not cited any authority holding that Illinois style land trusts are recognized in Georgia. More importantly, however, none of this is relevant to whether a non-lawyer trustee can represent the defendant trusts in court.

Mr. Gibson has not presented the trust instruments or identified the beneficiaries, but contends the trusts should be allowed to appear in court without counsel because they "are organized under authority of the Georgia Trust Act, as 'Land Trusts.'" (*Id.* at 5). The Georgia Trust Act is found at O.C.G.A. §§ 53–12–1 to 394 (1997), and was enacted in its present form in 1991. To support his claim that the defendant trusts operate as "'Illinois'-style Property Holding Trusts" and not "'Massachusetts' style business trusts," which, he argues, do not require representation in court by a licensed attorney, he points to four sections of the Georgia Trust Act: O.C.G.A. §§ 53–12–4 ("Jurisdiction"), 53–12–51 ("Creation of beneficial interests in property by deed; conditions; recordation; time of termination or renewal"), 53–12–53 ("Operation of trust under business or trade name"), and 53–12–55 ("Powers of trustees generally; resignation; removal; appointment of successor"). The last three sections are contained in Article 3 of the Georgia Trust Act. Commentary concerning these provisions suggests that they create trusts akin to Massachusetts style business trusts, not Illinois style land trusts. The introductory comment to Article 3 states: "[t]his article allows the creation in Georgia of a type of **business** trust. Bogert, *Trusts And Trustees,* 2d ed. § 247 (Rev.1992). It apparently is rarely utilized." O.C.G.A. tit. 53, article 3, section 50, cmt. (1997) (emphasis added); *See also* George Gleason Bogert, George Taylor Bogert, and Amy Morris Hess, *Trusts and Trustees* § 247 n. 42 at 172 (rev.2d ed.2005) which lists this portion of the Georgia Code as among those state statutes recognizing the validity of business trusts. Bogert's interpretation is confirmed in an article written by the reporter to the Georgia Trust Code Revision Committee recognizing that the provisions of Article 3 "authorize the creation in Georgia of what is commonly known as a **Massachusetts business trust....**" Anne S. Emanuel, *The Georgia Trust Act,* 28 Ga. St. B.J. 95, 99, n. 7 (1991) (emphasis add-

ed). Thus, Mr. Gibson's reliance on Article 3 of the Georgia Trust Act for his argument that the defendant trusts are organized under O.C.G.A. §§ 53–12–50 to 59 as land trusts, not business trusts, is misplaced.

Mr. Gibson's contention that the defendant trusts are like natural persons and thus need not have counsel is based on his misunderstanding of the last sentence of O.C.G.A. § 53–12–4. This section reads as follows:

> Trusts of every kind, not generally cognizable at law, are peculiarly subjects of equity jurisdiction. Any person having a claim against any trust for services rendered to the trust or for articles, property, or money furnished for the use of the trust or having any claim for the payment of which a court exercising equitable powers of relief would render the trust liable may collect and enforce the payment of the claim in a court of law. *Jurisdiction over actions and proceedings against creditors or debtors of trusts, and other actions and proceedings to which the trustee or the trust is a party which do not involve the internal affairs of the trust, lies in the court in which jurisdiction would lie if all parties to the suit were natural persons.*

(emphasis added). The comment to this section notes its similarity to former law and states that the "last sentence expresses the rule that a trustee proceeding on a cause of action that sounds at law may file suit in a court of law [rather than a court of equity]." O.C.G.A. § 53–12–4 cmt. (1997). Section 53–12–4 has nothing to do with deeming a trust to be a "natural person" or allowing a trust to appear in court *pro se*. As the Supreme Court of Georgia explained in a case pre-dating the recodification of this section, this provision means that a person having a claim against a trust estate may collect and enforce pay-

ment without resorting to a court of equity. *Miller v. Smythe,* 92 Ga. 154, 18 S.E. 46 (Ga.1893). Mr. Gibson does not cite any other authority for his argument, and there is simply no legal analysis to support a holding that the defendant trusts are not artificial entities. In fact, provisions in the Georgia Trust Act not referenced by Mr. Gibson analogize trust law to corporate law and a trustee to a corporate agent:

> When an estate is created pursuant to Code Section 53–12–51 and from time to time thereafter, the trustee or trustees shall issue such certificates of beneficial interest as may be provided for by the deed to the persons who are beneficially interested in the estate or who become so interested therein in accordance with the provisions of the deed. The certificates shall pass and be transferred as personalty and *in the same manner as shares of stock in corporations and shall be subject to levy and sale under attachment or execution or any other process in like manner as shares of stock.* The trustee or person in charge of the estate representing the trustee shall be subject to the same demand as that provided by Code Sections 11–8–112 and 9–13–58 *for the levying officer to make upon the officers of a corporation.* Persons having claims against the estate *may enforce the same by action against the trustee or trustees thereof in like manner as actions against corporations,* and service thereof may be perfected by serving the trustee or trustees . . . . The *venue of such actions shall be the same as that of similar actions against private corporations,* but neither the trustees nor the beneficiaries of the estate shall be personally or individually liable therefor *except in cases where officers and stockholders of private corporations would be liable under the law.*

O.C.G.A. § 53–12–54 (2006 Supp.) (emphasis added). *See also* O.C.G.A. § 53–12–57 (1997) ("[e]ach trust created pursuant to this article shall make a return to the Secretary of State, upon the creation of the trust and annually thereafter, in the same manner and embracing the same information, insofar as applicable, as returns by corporations...."). These provisions confirm that trusts created under Article 3 of the Georgia Trust Act are like business trusts which Mr. Gibson agrees can only appear in court through a licensed attorney.

Mr. Gibson also asserts that under Georgia law a trustee holds both legal and equitable title in his own name, by quoting part of a sentence from O.C.G.A. § 53–12–51: "The legal title to the property and all the property added thereto or substituted therefor shall vest and remain in the trustee." The entire sentence provides "[w]hen such an estate is created, the legal title to the property and all the property added thereto or substituted therefor shall vest and remain in the trustee or trustees named and his or their successors, in accordance with the terms of the deed, with all the powers conferred thereby upon the trustee, and shall not during the continuance of the estate pass to or vest in the beneficiaries." This sentence means that legal title to property is held by the trustee, not that a trustee holds all equitable title to property. The import of this sentence is not to grant equitable title to the trustee, but merely to provide that other property may be added to the trust *res* over which the trustee would have legal title.

While his argument is confusing, what Mr. Gibson appears to be saying is that he formed the defendant trusts as Illinois style land trusts which give him legal and equitable title to the land at issue. From this, he contends that there is no other real party in interest. Again, Mr. Gibson has not presented the trust instruments so there is nothing in the record to allow the Court to make any such finding. Importantly, while an Illinois style land trust does involve a vesting of both legal and equitable title to the *res* in the trustee, land trusts still have beneficiaries with rights and privileges characterized as personal property interests. *See* Black's Law Dictionary 1549 (8th ed.2004); 90 C.J.S., *Trusts* §§ 245,254, 318 (2006). In fact, cases in jurisdictions recognizing land trusts contradict Mr. Gibson's argument that a land trust can appear without counsel in court. The Florida Supreme Court sanctioned a non-lawyer trustee for counseling, advising, and preparing documents, including preparing and signing pleadings in defense of a foreclosure action. *Florida Bar v. Hughes*, 824 So.2d 154, 155–59 (Fla. 2002). The Court in *Hughes* found these actions to be the unauthorized practice of law and continued the injunction prohibiting him from undertaking such actions. *See also Ziegler v. Nickel*, 64 Cal.App.4th 545, 547–48, 75 Cal.Rptr.2d 312, (Cal.Ct. App.1998) (non-lawyer trustee has no right to represent trust as he would be engaged in the unauthorized practice of law); *Alpha Land Company v. Little*, 238 F.R.D. 497 (E.D.Cal.2006) (default judgment awarded against trustee of land trust who filed responsive pleading but was not an attorney).

Finally, Mr. Gibson cites *River Valley, Inc. v. Dubuque County*, 63 F.R.D. 123 (N.D.Iowa 1974), and *Harlem River Consumers Cooperative, Inc. v. Associated Grocers of Harlem, Inc.*, 71 F.R.D. 93 (S.D.N.Y.1976) for the proposition that "there are scenarios which exist which warrant non lawyers representing an artificial entity." These cases involve motions to file appeals *in forma pauperis* and have nothing to do with whether the appellants could proceed without counsel. In fact, in

*River Valley, Inc.,* the reported decision shows that the plaintiff non-profit corporation was represented by an attorney. These two cases dealt only with fee waivers and whether the non-profit corporations at issue were "persons" within the meaning of 28 U.S.C. § 1915(a), the statute that allows indigent persons to proceed without paying court costs.

In conclusion, there is no support for Mr. Gibson's contention that trusts formed under Article 3 of the Georgia Trust Act are like Illinois style land trusts. For purposes of argument, however, even if the defendant trusts here are land trusts, land trusts have beneficiaries and the trusts are not entitled to self-representation. Mr. Gibson may appear on his own behalf, but he has no authority to appear as an attorney for anyone other than himself. His status as a trustee is necessarily a fiduciary status, and the defendant trusts can only appear in court through a licensed attorney admitted to practice law in this Court.