## ATLANTIC S. S. CORPORATION v. KELLEY.
### No. 7766.

Circuit Court of Appeals, Fifth Circuit.
Aug. 29, 1935.

W. P. Hughes, of Miami, Fla., for appellant.

L. S. Julian, of Miami, Fla., and Jos. M. Rault, of New Orleans, La., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

FOSTER, Circuit Judge.

A judgment was rendered against the Atlantic Steamship Corporation in the District Court of the United States for the Southern District of Florida and on order of the District Court it was granted an appeal in forma pauperis. A motion had been made by appellee to dismiss the appeal on the ground that no bond had been given as required by law (title 28 USCA § 869) and a corporation is not entitled to appeal in forma pauperis.

Under the provisions of the Act of July 20, 1892, as amended (title 28 USCA § 832), any citizen of the United States entitled to commence any suit in any court of the United States may, upon the order of the court, prosecute an appeal to a Circuit Court of Appeals without prepaying costs or giving security therefor. It is settled that a corporation may invoke the jurisdiction of a federal court on the ground of diversity of citizenship. It is sometimes said in opinions of the courts that a corporation is a citizen of the state under the laws of which it is incorporated, but the fundamental reason for maintaining jurisdiction is that the suit is considered to be by or against the stockholders of the corporation, who are the real parties in interest. In practically every case in which this point has been considered, from the early case of Bank of the U. S. v. Deveaux, 5 Cranch, 61, 3 L. Ed. 38, the Supreme Court has said that a corporation is not a citizen within the meaning of the Constitution. The rule is clearly stated in Muller v. Dows, 94 U. S. 444, 445, 24 L. Ed. 207, as follows:

"A corporation itself can be a citizen of no State in the sense in which the word 'citizen' is used in the Constitution of the United States. A suit may be brought in the Federal courts by or against a corporation, but in such a case it is regarded as a suit brought by or against the stockholders of the corporation; and, for the purposes of jurisdiction, it is conclusively presumed that all the stockholders are citizens of the State which, by its laws, created the corporation."

And in ruling on pleadings it has been repeatedly held that to allege that a corporation, a party to the suit, is a citizen of a certain state is insufficient to show diversity. It is necessary to aver that it is incorporated and exists by virtue of the laws of a particular state, other than that of which the opposing party is a citizen. See American Sugar Refining Co. v. Johnson (C. C. A.) 60 F. 503, and authorities cited therein.

In adopting the law allowing the prosecution of suits in forma pauperis Congress clearly intended to extend the benefit to natural persons who are citizens in the full meaning of the term and because of poverty would otherwise be denied access to federal courts. There would be no logical reason for extending the same privilege to corporations. Corporations, if litigants, may be presumed to have sufficient assets to pay costs or, if not, the stockholders would have sufficient interest to furnish security. Our conclusion is that the benefit of the law is confined to natural persons and corporations are not entitled to sue or appeal in forma pauperis.

It follows that the appeal must be dismissed and it is so ordered.

Judge BRYAN participated in the hearing and decision of this cause, but died before the opinion was prepared and filed.