**S.O.U.P., INC., a Corporation, Petitioner,**

v.

**The FEDERAL TRADE COMMISSION,
Respondent.**

**No. 24476.**

United States Court of Appeals,
District of Columbia Circuit.

Order Filed July 27, 1971.

Suggestion for Rehearing En Banc
Denied Nov. 19, 1971.

Before BAZELON, Chief Judge
FAHY, Senior Circuit Judge, and
WILKEY, Circuit Judge.

ORDER

PER CURIAM.

■ Petitioner S.O.U.P., Inc., a corporation, has filed a motion to proceed in forma pauperis in the above entitled case. At the request of members of the Court, a financial statement of each of the small number of members of the corporation was filed. In light of the statute governing forma pauperis appeals, 28 U.S.C. Section 1915(a), which we are bound to construe reasonably, assuming arguendo that a corporation may proceed in forma pauperis, we think it would be inconsistent with the congressional intent to hold that this corporation should be allowed to proceed in that manner in view of the financial data submitted since it is likely that the costs of proceeding would not exceed $100.00. We think we would not comply with the statute, properly construed in the situation presented, if we granted the application, although in so deciding we appreciate the good faith of applicants and their public interest motivation. Accordingly, it is

Ordered by the Court that petitioner's aforesaid motion for leave to proceed in forma pauperis is denied.

Statement of Senior Circuit Judge FAHY in support of the order of the court, in which Circuit Judge WILKEY concurs.

■ SOUP is not prevented by our order from proceeding with the litigation. It can easily arrange for the small item of costs by assessment or voluntary contribution of its members. The corporate form is a convenient, organizational vehicle, but its convenience does not justify turning it into a vehicle also for avoiding the costs involved in a lawsuit as if it were a pauper. The public interest motivating SOUP's members, which I join in applauding, does not help make the corporation "a person * * * unable to pay such costs or give security therefor." 28 U.S.C. § 1915(a).

The text of the statute reflects the congressional intent and purpose to enable "person[s]" to obtain exemption, not corporations formed by persons who themselves do not come within the exemption. The statute has the salutary purpose of opening the doors of the courts to poor persons on a basis of equality with the more well-to-do, not to open the doors to "poor" corporations formed by nonpoor members as a convenient form by which to organize and litigate. If the statute is to be enlarged as SOUP contends, I think it should be done by legislation rather than by a strained construction which does not reflect the statute's purposes.

The "time-consuming" responsibility the court has had to assume in this matter, and the "remarkably poor economics" of the court's involvement, referred to by our dissenting colleague, are not the answer to the problem, for the court does not pass over problems which are presented because to decide them consumes judicial resources.

BAZELON, Chief Judge (dissenting).

This case presents an important question concerning the right of a corporation to sue without prepayment of costs under 28 U.S.C. § 1915(a) (1970).[1] A majority of this panel has concluded that even if the statute applies to corporations, this petitioner has not made a showing sufficient to warrant in forma pauperis treatment. Because I believe that the statute does apply to corporations and that the petitioner has satisfied all reasonable standards which might be applied to test such applica-

tions, I would grant leave to proceed without payment of costs.

Students Opposing Unfair Practices, Inc. (SOUP) is a private, non-profit corporation designed primarily to assist the Federal Trade Commission in "more vigorously protecting the consumers' rights to fair and honest advertising." [2] Pursuant to this goal, SOUP attempted to intervene in an FTC proceeding against the Campbell Soup Company. The case is now before this Court on SOUP's petition for review of an FTC order accepting a consent decree against Campbell. Petitioner challenges both the adequacy of the decree as a remedy for alleged violations of the Federal Trade Commission Act, and the agency's refusal to grant SOUP full rights to intervene in the proceeding before it.

I.

Section 1915(a) provides that a federal court may authorize litigation without prepayment of costs "by a *person* who makes affidavit that he is unable to pay such costs or give security therefor." [Emphasis added.] The statute's reference to "person" does not indicate, however, that the section has no application to corporations. On the contrary, the statutory guidelines for the interpretation of Congressional acts, 1 U.S.C. § 1 (1970), make clear that the term "person" should ordinarily be taken to "include corporations * * * as well as individuals." Moreover, there is no indication in the legislative history of § 1915 that Congress intended to depart from this well-established canon of statutory construction.[3] But my conclusion

---

1. The statute provides:
   (a) Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.

An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

2. Petitioner's Memorandum in Support of Motion for Leave to Proceed on Appeal in Forma Pauperis, at 4.

3. The predecessor of § 1915(a) provided that a "citizen of the United States" could be granted leave to proceed as a pauper. Act of July 20, 1892, ch. 209, § 1, 27 Stat. 252. Because the Supreme Court had held that corporations are not "citizens," Bank

that § 1915(a) applies to corporations rests on more than this admittedly formal approach to the statute's interpretation. The purpose of the in forma pauperis statute is to insure that indigent parties will not be precluded from litigating significant questions merely because they are unable to pay a relatively small fee. Like an individual, a corporation may lack the means to meet this threshold expense, and thus it too may be barred from the courtroom without regard to the merits of its claim. I can find no reason to believe that Congress's concern for the obstacles facing an indigent litigant extended only to natural persons, and I would therefore hold the statute applicable to corporations.

## II.

We are not required at this time to delineate comprehensive principles to govern the application of § 1915(a) to corporations. I am persuaded that SOUP's motion should succeed under any set of guidelines that we might eventually prescribe.

First, SOUP's appeal to this Court is neither frivolous nor malicious, as indicated by the vigorous dissenting opinions of two of the FTC's five Commissioners.[4] Second, since the members of the corporation have no personal financial stake in the outcome of the litigation, it seems unlikely that they have adopted the corporate form as a subterfuge to avoid the payment of court costs.[5] To be sure, there is potential for abuse in the in forma pauperis scheme as applied to corporations no less than as applied to individuals. But an excessive concern with this potential at this stage is, to say the least, premature. Neither this Court nor a corporation's adversary in litigation lacks the means to expose abuse and to take corrective action when it does appear.[6] Moreover, the fact that SOUP is apparently the first corporation to apply to this Court for in forma pauperis treatment since the enactment of the statute would seem to belie any fears that we are soon to be deluged with such applications.

The real difficulty with SOUP's motion, it seems, concerns the assertion of indigency. SOUP is conceded to lack the *corporate* resources to pay the costs of proceeding in this Court.[7] Indeed,

---

of the United States v. Deveaux, 9 U.S. (5 Cranch.) 61, 3 L.Ed. 38 (1809), two Circuits held that the former statute did not apply to corporations. *See* Atlantic S. S. Corp. v. Kelley, 79 F.2d 339 (5th Cir. 1935); Quittner v. Motion Picture Producers, 70 F.2d 331 (2d Cir. 1934). In 1959 Congress substituted "person" for "citizen" in defining the reach of the statute, but that change was apparently designed to extend the statute's benefits to aliens. H.R.Rep.No.650, 26th Cong., 1st Sess. (1959).

4. Commissioner Elman stated in dissent that hearings on the consent decree were necessary because "basic issues relating to the adequacy of the remedy have not been fully canvassed on evidentiary record and remain unresolved." Also dissenting, Commissioner Jones maintained that "the instant petition for intervention by SOUP raises important issues going to the effectiveness of Commission action. These issues affect the basic viability of the Commission and its potential for effective action."

5. *Compare* Honolulu Lumber Co. v. American Factors, Ltd., 265 F.Supp. 578 (D. Hawaii 1966), aff'd on other grounds, 403 F.2d 49 (9th Cir. 1968), holding that a corporation cannot qualify under § 1915 (a). The court noted that the small group which formed the corporation would benefit directly from any recovery award in this treble-damage antitrust suit.

6. *Cf.* Boddie v. Connecticut, 401 U.S. 371, 381–382, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971); Adkins v. E. I. DuPont De Nemours & Co., 335 U.S. 331, 338, 69 S.Ct. 85, 93 L.Ed. 43 (1948).

7. In support of its application for leave to proceed in forma pauperis the president of SOUP submitted an affidavit stating that the corporation has no money in its treasury, no established sources of income, and no property which it could offer as security. We indicated recently that an individual is indigent for purposes of § 1915(a) if he

cannot because of his poverty 'pay or give security for the costs  *  *  * and still be able to provide' himself and dependents 'with the necessities of life.'

the FTC not only accepts the corporation's claim of indigency, but itself permitted SOUP to proceed in forma pauperis before the agency. Nevertheless, this Court has apparently concluded that a corporation cannot be indigent for purposes of § 1915(a) so long as its members have the personal means to pay the costs of the proceeding. This approach, which disregards the petitioner's corporate form and treats it as a collection of individual litigants, imposes unnecessary administrative burdens on this Court and may effectively discourage litigation by certain corporations.

Instead of resolving the question of indigency on the basis of a single affidavit from a corporate officer, it is now apparently necessary for us to evaluate affidavits from each of the "members" of the corporation. In this case the corporation comprises only five persons. But if "members" refers to shareholders, the problem of evaluating these affidavits could in some cases be staggering. For us to undertake this time-consuming responsibility as a means of collecting about $100 in court costs strikes me as remarkably poor economics. It is also inconsistent with Congress's evident intention of simplifying the inquiry into indigency.

Moreover, by looking behind the corporation to the individuals it represents, today's order may have the unfortunate effect of deterring the use of corporations as vehicles for raising issues of great public importance. By measuring the corporation's indigency in terms of the assets of its wealthiest member, we may discourage non-indigent individuals from joining corporations that intend to bring law suits on behalf of the public.

If these persons are forced to commit their personal resources to the cause, they may prefer to sue as individuals. Yet it seems clear that in this type of law suit a corporation or association is often a more valuable party than an individual.[8] Furthermore, if these persons refuse to assume personal liability for the costs of litigation, issues of great importance may fail to reach a judicial hearing. For these reasons I cannot accept the Court's approach to the determination of indigency of corporations under § 1915(a) in these circumstances. Nothing in this record indicates that SOUP's effort to proceed in forma pauperis is in any way offensive to the public interest. Nor does anyone assert that its application is a sham or an abuse of this Court. Since a decision in favor of SOUP would in no sense deprive us of the ability to forestall any possibility of abuse in subsequent cases, I would grant petitioner's application.

Harris v. Harris, 137 U.S.App.D.C. 318, 322, 424 F.2d 806, 810 (1970), quoting Adkins v. E. I. DuPont De Nemours & Co., 335 U.S. 331, 339, 69 S.Ct. 85, 93 L.Ed. 43 (1948). With no source of income and its limited resources committed to its meager operating expenses, or "necessities of life," SOUP would seem to meet that standard. But at the request of this Court petitioner submitted further

affidavits from each of its five current members describing their personal financial positions and revealing that as individuals they could not satisfy our standards of indigency. On the basis of this information the Court has concluded that the application to proceed in forma pauperis must be denied.

8. L. Jaffe, Judicial Control of Administrative Action 542–543 (1965).