507 F.2d 582
 RIVER VALLEY, INC., a corporation, Appellee,
v.
DUBUQUE COUNTY et al., United States of America and Rowland
F. Kirks, Director, Administrative Office of the
U.S. Courts, Appellants.
UNITED STATES of America and Rowland F. Kirks, Director,
Administrative Office of the U.S. Courts, Petitioners,
v.
Hon. Edward J. McMANUS, Chief Judge, United States District
Court for theNorthern District of Iowa, Respondent.
 Nos. 74-1500, 74-1588.
 United States Court of Appeals, Eighth Circuit.
 Submitted Oct. 16, 1974.
Decided Dec. 10, 1974.
 
 Neil H. Koslowe, Atty., Appellate Section, Civ. Div., U.S. Dept. of Justice, Washington, D.C., for appellants.
 James H. Reynolds, Dubuque, Iowa, for appellee.
 Before GIBSON, Chief Judge, and LAY and STEPHENSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Rowland F. Kirks, the Director of the Administrative Office of the United States Courts (hereinafter called the Director), has filed a petition for a writ of mandamus and, alternatively, a notice of appeal from an order to show cause why he should not be held in contempt under 18 U.S.C. 401(3) for refusing to authorize payment of certain fees in a civil proceeding as ordered by the district court pursuant to 28 U.S.C. 1915 and 753(f).
 
 
 2
 River Valley, Inc., is a private nonprofit corporation created pursuant to 42 U.S.C. 2790 for the purpose of coordinating various welfare programs under the Economic Opportunity Act of 1964, the Economic Opportunity Act of 1964, 42 U.S.C. 2781 et seq. When various state and federal agencies sought to change River Valley into a public agency under that act, River Valley brought suit in the district court to block the change and to get financial and technical assistance from those state and federal agencies. Among the parties were the national, state and regional directors of the federal Office of Economic Opportunity. Injunctive relief was sought against the federal agencies as well. The United States Attorney for the State of Iowa appeared on behalf of the federal agencies and officers. when the district court denied relief, River Valley sought leave to appeal to this court in forma pauperis. The United States appeared by and through the Assistant United States Attorney, Robert Sikma, and filed a resistance to this motion, based, inter alia, on the ground that River Valley was a corporation and, as such, not entitled to appeal in forma pauperis under 28 U.S.C. 1915. The district court, the Hon. Edward J. McManus presiding, ruled to the contrary. He found that River Valley's appeal was not frivolous and granted leave to appeal in forma pauperis. When the United States appeared on appeal before this court, it filed an appellee's brief on the merits of the case but did not resist the in forma pauperis order.[1] River Valley was allowed, pursuant to the district court's order, to docket the case without filing fee and proceed under our Rule 11 in forma pauperis.[2] After certification under 1915 and 753(f) the court reporter prepared a full transcript for the appeallant corporation and on April 2, 1974, submitted his claim to the Administrative Office for payment in the sum of $197.00. On April 26, 1974, the Administrative Office refused on the ground that 1915 and 753(f) did not authorize free transcripts for corporations. On June 3, 1974, the district court entered the order to show cause why the Director should not be held in contempt. This appeal and alternative petition for a writ of mandamus followed.
 
 
 3
 The Director urges that the district court erred in finding River Valley eligible to proceed in forma apuperis since 1915 was intended to apply only to natural persons. See S.O.U.P., Inc. v. Federal Trade Commission, 146 U.S.App.D.C. 66, 449 F.2d 1142(1971); Atlantic S.S. Corp. v. Kelley, 79 F.2d 339 (5th Cir. 1935); Quittner v. Motion Picture Producers & Distributors, 70 F.2d 331 (2d Cir. 1934); Honolulu Lumber Co., Ltd. v. American Factors, Ltd., 265 F.Supp. 578 (D.Hawaii 1966), aff'd on other grounds, 403 F.2d 49 (9th Cir. 1968).[3]
 
 
 4
 The Director's separate appeal from the show cause order must be dismissed as premature. The appeal is from an interlocutory order, not a final order appealable to this court. See United States v. Ryan, 402 U.S. 530, 91 S.Ct. 1580, 29 L.Ed.2d 85 (1971); Cobbedick v. United States,309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940); Duffy v. Dier, 465 F.2d 416 (8th Cir. 1972). It is urged that the Supreme Court's recent dicision on the merits of the Watergate tapes question in United States v. Nixon, 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974), provides support for an appeal at this stage of the contempt proceedings. However, the Court explained that in the 'unique setting' of that case, a confrontation between two branches of government, traditional limitations on the right of appeal were not applicable. Those considerations do not obtain here, and the appeal is premature.
 
 
 5
 Alternatively the Director urges that mandamus should lie since the district court was without authority to certify a corporation eligible under 1915. The extraordinary writ of mandamus may lie where a district judge usurps power and acts beyond his jurisdiction. But even if the district court may have erred in its construction of 1915 (which we do not decide), mandamus is not appropriate here. A district court has initial authority under 1915 and 735(f) to authorize in forma pauperis appeals. Steffler v. United States, 319 U.S. 38, 63 S.Ct. 948, 87 L.Ed. 488 (1943). The mere fact that a court acts erroneously is not usurpation of power. 'Jurisdiction to decide is jurisdiction to make a wrong as well as the right decision.' Hoffman v. Celebrezze, 405 F.2d 833, 835 (8th Cir. 1969). As the Supreme Court observed in Bankers Life & Cas. Co. v. Holland, 346 U.S. 379, 74 S.Ct. 145, 98 L.Ed. 106 (1953):
 
 
 6
 Jurisdiction need not run the gauntlet of reversible errors. The ruling on a question of law . . . was made in the course of the exercise of the court's jurisdiction to decide issues properly brought before it. Ex parte American Steel Barrel Co., 230 U.S. 35, 45-46, (33 S.Ct. 1007, 57 L.Ed. 1379) (1913); Ex parte Roe, 234 U.S. 70, 73, (34 S.Ct. 722, 58 L.Ed. 1217) (1914). Its decision against petitioner, even if erroneous-- which we do not pass upon-- involved no abuse of judicial power.
 
 
 7
 Id. at 382, 74 S.Ct. at 148. See also Will v. United States, 389 U.S. 90, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967).
 
 
 8
 The Director urges that as a third party, however, he has no other recourse to obtain a ruling and that mandamus should lie in such an exceptional case as this. We disagree. Although the Director and the Administrative Office were not named parties to the earlier litigation, they are nevertheless bound by the earlier judgment against the United States. The question of whether River Valley was entitled to proceed in forma pauperis on appeal was decided adversely to the United States in the district court and under the doctrine of res judicata, that judgment is not now open to collateral attack. The district court's memorandum and order of February 11, 1974, certifying that the appeal was not frivolous and allowing River Valley to proceed in forma pauperis invokes 28 U.S.C. 753(f) and 1915(a) which require the United States to pay the court reporter's expenses in preparing the transcript. The district court expressly ordered the United States to pay the expenses. In the original action the United States directly contested, through the United States Attorney, the order allowing the appeal in forma pauperis. On the appeal of the merits, the government did not renew its resistance by motion or appeal as to the in forma pauperis order.[4]
 
 
 9
 The Supreme Court observed in Drummond v. United States, 324 U.S. 316, 65 S.Ct. 659, 89 L.Ed. 969 (1945):
 
 
 10
 If the United States in fact employs counsel to represent its interest in a litigation or otherwise actively aids in its conduct, it is properly enough deemed to be a party and not a stranger to the litigation and bound by its results. Compare United States v. Candelaria, 271 U.S. 432, (46 S.Ct. 561, 70 L.Ed. 1023; 10 Cir.,) 16 F.2d 559, with Logan v. United States, (10 Cir.,) 58 F.2d 697. But to bind the United States when it is not formally a party, it must have a laboring oar in a controversy . . ..
 
 
 11
 Id. at 318, 65 S.Ct. at 660; see also Restatement of Judgments 84 (1942). Clearly, the United States had a laboring oar in the opposition to the in forma pauperis appeal in the district court proceedings.
 
 
 12
 The Director's lack of personal knowledge[5] is not sufficient to bar the application of res judicata between officers of the same government. As the Supreme Court stated in Sunshine Anthracite Coal Co. v. Adkins, 310 U.S. 381, 60 S.Ct. 907, 84 L.Ed. 263 (1940):
 
 
 13
 Where the issues in separate suits are the same, the fact that the parties are not precisely identical is not necessarily fatal . . .. A judgment is res judicata in a second action upon the same claim between the same parties or those in privity with them. Cromwell v. County of Sac, 94 U.S. 351, (24 L.Ed. 195). There is privity between officers of the same government so that a judgment in a suit between a party and a representative of the United States is res judicata in relitigation of the same issue between that party and another officer of the government. See Tait v. Western Maryland Ry. Co., 289 U.S. 620, (53 S.Ct. 706, 77 L.Ed. 1405). The crucial point is whether or not in the earlier litigation the representative of the United States had authority to represent its interests in a final adjudication of the issue in controversy . . . Where a suit binds the United States, it binds its subordinate officials.
 
 
 14
 Id. at 402-403, 60 S.Ct. at 916-917.
 
 
 15
 As a subordinate official, the Director is bound by the judgment below. See also George H. Lee Co. v. Federal Trade Commission, 113 F.2d 583, 585-586 (8th Cir. 1940).
 
 
 16
 We view the controversy between the Administrative Office and the district court as unfortunate to say the least. We expresss grave doubts as to the propriety of the district court's order requiring the Director to show cause why he should not be held in contempt. The proper course for the Director, however, would have been to resist, on behalf of the United States, the grant of the in forma pauperis appeal in this court after the district court ruled. The Director, like any other agent of government or private citizen, was no at liberty to disobey the court's order because he felt it was in error.
 
 
 17
 We find that the writ of mandamus should be denied. The appeal is ordered dismissed for lack of jurisdiction. We assume that the court reporter's fees will be paid pursuant to the district court's order of February 11, 1974. Even though that order may have been in error it is a final judgment from which no appeal was taken. Upon payment of the fees under the terms of the district court's orderThe order to show cause will be dissolved.
 
 
 18
 It is so ordered.
 
 
 
 [1]
 The appellees' brief is entitled 'Brief of Appellees, United States of America and Dubuque Co., Iowa.'
 
 
 [2]
 River Valley's appeal was submitted to a panel of this court on May 17, 1974, and the order of the district court was affirmed on June 19, 1974. River Valley, Inc. v. Dubuque County, No. 74-1141 (8th Cir. June 19, 1974). The mandate of this court issued July 15, 1974
 
 
 [3]
 Although 1915 was amended in 1959 to substitute the word 'person' for 'citizen,' it is urged that the amendment was intended only to extend the statute's benefits to aliens and not to corporations. See S.R.Rep.No.747, 86th Cong., 1st Sess. (1959)
 
 
 [4]
 Rule 2(c) of this court allows our court to entertain motions and hear objections as to the granting or denial of in forma pauperis appeals
 
 
 [5]
 The Director's argument that he had no knowledge of the controversy in district court cannot be similarly asserted as to the pendency of the in forma pauperis appeal. The Administrative Office did have notice of the request by the court reporter for reimbursement of his fee on or before April 16, 1974. The Chief Procurement Officer authorized payment of it on April 16, 1974. Final payment was ultimately withheld and during April and May the Administrative Office corresponded with the district court as to its objection that River Valley was a corporation and not eligibel to proceed in forma pauperis. At no time did the Director, as suggested by the district court, raise his objections to the in forma pauperis order in this court during the pendency of the appeal. The case was no argued in this court until May 17, 1974