MEMORANDUM-DECISION AND ORDER
 

 MUNSON, Chief Judge.
 

 In an order dated May 4, 1988, as corrected by an order dated May 10, 1988, the court denied defendants’ motion for leave to proceed
 
 in forma pauperis.
 
 In that order, the court focused on the financial condition of defendant Charles W. Sears (“Sears”), and did not consider whether the financial condition of Sears’ wholly-owned corporation, Charles W. Sears Real Estate, Inc. (“The Company”), was such that it could proceed
 
 in forma pauperis
 
 in this action independent of Sears himself. The Company, represented by Geoffrey A. Hampton, Esq., for the purposes of this motion only,
 
 [1]
 
 now seeks
 
 forma pauperis
 
 status on its own behalf. Sears moves for reconsideration of the court’s prior order denying him leave to proceed
 
 in forma pauperis
 
 in his individual capacity.
 

 The
 
 in forma pauperis
 
 statute, 28 U.S.C. § 1915, provides that “[a]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a
 
 person
 
 who makes an affidavit that he is unable to pay such costs or give security therefor.” 28 U.S.C. § 1915(a) (emphasis added). Further, the statute permits the court to request an attorney to represent such a “person” in a proceeding before it if that person is unable to obtain the services of counsel on his own behalf. 28 U.S.C. § 1915(d).
 
 [2]
 
 The Company has demonstrated that it has lost money for two years in a row, and that its financial status, if examined apart from the resources possessed by Charles W. Sears individually, is such that it would be entitled to relief under § 1915 if, indeed, it were otherwise covered by the statute’s terms. The issue is whether a corporation can be a “person” within the meaning of § 1915, thereby being entitled to the benefits that section provides. There is very little case law on this subject, and there is disagreement among those courts that have addressed this issue.
 

 The most compelling argument in favor of the proposition that colorations should
 
 *387
 
 be considered “persons” within the meaning of § 1915 was made by Judge Bazelon in a dissenting opinion in
 
 S.O.U.P. v. FTC,
 
 449 F.2d 1142, 1143 (D.C. Cir.1971) (Bazelon, J., dissenting). Judge Bazelon contended that there was nothing in the legislative history of § 1915 revealing that Congress intended to exclude corporations from the statute’s coverage, and consequently the courts should adhere to the statutory guidelines for construing congressional acts found at 1 U.S.C. § 1, which require that “unless the context indicates otherwise,” the term “person” should be interpreted to “include corporations ... as well as individuals.” 449 F.2d at 1143 (Bazelon, J., dissenting).
 
 [3]
 
 This position is further supported by the opinions of then-District Judge Pierce in
 
 Harlem River Consumers Cooperative, Inc. v. Associated Grocers of Harlem, Inc.,
 
 71 F.R.D. 93 (S.D.N.Y.1976),
 
 [4]
 
 and Chief Judge McManus in
 
 River Valley, Inc. v. Dubuque County,
 
 63 F.R.D. 123 (N.D. Iowa 1974).
 

 This court is unpersuaded by this argument, and follows those cases that have held that corporations are not “persons” covered by the
 
 in forma pauperis
 
 statute.
 
 See, e.g., MOVE Organization v. United States Dept. of Justice,
 
 555 F.Supp. 684 (E.D.Pa.1983);
 
 Honolulu Lumber Co. v. American Factors, Ltd.,
 
 265 F.Supp. 578 (D.Hawaii 1966),
 
 aff'd on other grounds,
 
 403 F.2d 49 (9th Cir.1968);
 
 see also Allen Russell Publishing, Inc. v. Levy,
 
 109 F.R.D. 315, 318 (N.D. Ill.1985) (dicta). First, it must be noted that the rules of construction contained in 1 U.S.C. § 1 are to be applied only “ ‘where it is necessary to carry out the evident intent of the statute.’ ”
 
 Toy Mfrs. of America, Inc. v. Consumer Product Safety Comm ’n,
 
 630 F.2d 70, 74 (2d Cir.1980) (quoting
 
 First National Bank v. Missouri,
 
 263 U.S. 640, 657, 44 S.Ct. 213, 215, 68 L.Ed. 486 (1924)). These rules are not to be utilized unless necessary to flesh out an otherwise unclear congressional intention concerning the scope of a statute. The starting point for any analysis of a statute, of course, is an examination of the language and legislative history of that statute.
 
 Watt v. Alaska,
 
 451 U.S. 259, 265-67, 101 S.Ct. 1673, 1677-78, 68 L.Ed.2d 80 (1981);
 
 Sperber v. Boesky,
 
 849 F.2d 60, 63, (2d Cir.1988).
 

 As a general rule, “[i]f the statutory language is unambiguous, in the absence of ‘a clearly expressed legislative intent to the contrary, that language must ordinarily be regarded as conclusive.’ ”
 
 United States v. Turkette,
 
 452 U.S. 576, 580, 101 S.Ct. 2524, 2527, 69 L.Ed.2d 246 (1981) (quoting
 
 Consumer Product Safety Comm'n v. GTE Sylvania, Inc.,
 
 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d
 
 *388
 
 766 (1980));
 
 see also United States v. Blackmon,
 
 839 F.2d 900, 904 (2d Cir.1988). The term “person” is not expressly defined within the
 
 in forma pauperis
 
 statute itself, and in light of the divergent legal definitions of that term in American constitutional and statutory law, the court does not consider its meaning unambiguous on its face. Consequently, the court must seek guidance from the legislative history of § 1915.
 
 See United States v. Blackmon,
 
 839 F.2d at 905.
 

 From its initial enactment in 1892
 
 [5]
 
 until its amendment in 1959, the
 
 in forma pauperis
 
 statute applied only to “citizens.” Relying on Supreme Court decisions excluding corporations from the term “citizen” in interpreting the provisions of the Constitution,
 
 [6]
 
 at least two circuit courts held that only natural persons were “citizens” within the meaning of the
 
 in forma pauperis
 
 statute, and that corporations were not entitled to sue or appeal
 
 in forma pauperis. See Atlantic S.S. Corp. v. Kelley,
 
 79 F.2d 339, 340 (5th Cir.1935);
 
 Quittner v. Motion Picture Producers & Distributors of America, Inc.,
 
 70 F.2d 331 (2d Cir.1934). In 1959, Congress amended the statute, substituting the term “person” for “citizen.”
 
 [7]
 
 All sources agree that the sole reason for this change, as revealed by the congressional history of the amendment,
 
 [8]
 
 was to allow resident aliens to proceed
 
 in forma pauperis. See, e.g., MOVE Organization,
 
 555 F.Supp. at 691 & n. 22;
 
 Harlem River,
 
 71 F.R.D. at 95;
 
 Honolulu Lumber,
 
 265 F.Supp. at 580;
 
 S.O.U.P., Inc.,
 
 449 F.2d at 1143 n. 3 (Bazelon, J., dissenting). There is no evidence whatsoever that Congress intended to extend the statute’s coverage to corporations, and thus override established case law refusing to allow corporations to proceed under it.
 

 In addition to this legislative history, another consideration weighs against permitting corporations to reap the benefits of § 1915. If corporations were allowed to proceed
 
 in forma pauperis,
 
 there would exist the prospect that stockholders of a closely-held corporation might try to hide behind a corporate veil in order to avoid the costs of litigation. This danger was touched upon in
 
 MOVE Organization,
 
 555 F.Supp. at 691, and
 
 Honolulu Lumber,
 
 265 F.Supp. at 581. That such a scenario would arise is so obvious that it is doubtful that Congress would not have provided some guidance to the courts concerning how deeply they should look behind the corporate structure to determine indigence if it truly intended corporations to reap the benefits of the statute. In sum, the court concludes that corporations are not “persons” falling within the coverage of § 1915, and thus the motion by defendant Charles W. Sears Real Estate, Inc. must be denied.
 

 Defendant Charles W. Sears has moved on his own behalf for reconsideration of the court’s previous denial of leave to proceed
 
 in forma pauperis
 
 in this case. The submissions made in support of his application do not demonstrate indigence, and in fact show that defendant and his wife have a combined annual income of between $34,000 and $37,000. Defendant Sears’ access to this court has not been blocked by his financial condition; rather, he is “merely in the position of having to weigh the financial constraints posed if he pursues [his position] against the merits of his case.”
 
 Wrenn v. Secretary of Health and Human Services,
 
 No. 86-CV-916, slip op. at 2 (N.D.N.Y. 1987) [available on WESTLAW, 1987 WL 47383]. As one court has noted, our legal system “contemplate[s] litigants who are limited by the realities of time and expense.”
 
 Jones v. Bales,
 
 58 F.R.D. 453, 463 (N.D.Ga.1972), aff
 
 'd,
 
 480 F.2d 805 (5th Cir.1973). The court cannot relieve defendant of the difficult choices he must make regarding the manner he decides to defend
 
 *389
 
 this lawsuit. The motion by Charles W. Sears, individually, for reconsideration of this court’s earlier order denying him leave to proceed
 
 in forma pauperis
 
 is denied.
 

 It is So Ordered.
 

 [1]
 

 . It is well-established that "a corporation, which is an artificial entity that can act only through its agents, cannot proceed
 
 pro se,"
 
 but instead must litigate through a duly licensed attorney.
 
 Jones v. Niagara Frontier Transportation Authority,
 
 722 F.2d 20, 22 (2d Cir.1983);
 
 see also Dow Chemical Pacific Ltd. v. Rascator Maritime S.A.,
 
 782 F.2d 329, 336 (2d Cir.1986);
 
 Shapiro, Bernstein & Co. v. Continental Record Co.,
 
 386 F.2d 426, 427 (2d Cir.1967) (per curiam);
 
 Osborn v. Bank of United States,
 
 22 U.S. (9 Wheat.) 738, 829-30, 6 L.Ed. 204 (1824).
 

 [2]
 

 . The papers submitted by plaintiffs to the court indicate that plaintiffs may misconceive the nature of the relief offered by § 1915(d). In civil cases, the court is authorized to request that an attorney volunteer his services under appropriate circumstances,
 
 see Hodge v. Police Officers,
 
 802 F.2d 58 (2d Cir.1986), but is not empowered to compel the federal government to pay that attorney’s fee.
 

 [3]
 

 . Specifically, § 1 provides as follows:
 

 In determining the meaning of any Act of Congress, unless the context indicates otherwise—
 

 ... the words "person” and “whoever" include corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals.
 

 1 U.S.C. § 1.
 

 [4]
 

 . The decision in
 
 Harlem River
 
 differs from Judge Bazelon’s approach in one important respect. Judge Pierce’s opinion indicated that a corporation may he considered a "person” within the meaning of § 1915 "under appropriate circumstances," and noted that the corporation seeking to proceed
 
 in forma pauperis
 
 in
 
 Harlem River
 
 operated on a non-profit basis, that the shareholders were not likely to reap a substantial monetary benefit from the suit, and that the action was brought in the "public interest." 71 F.R.D. at 96. These considerations bolstered Judge Pierce’s conclusion that the corporate plaintiff in that case was deserving of
 
 in forma pauperis
 
 status. Judge Bazelon, in contrast. seems to have taken the position that a corporation is always a "person" within the meaning of § 1915, regardless of the nature of the interests it was promoting in the lawsuit. Judge Pierce’s approach has been criticized, largely on the ground that though the policy considerations he identified would be relevant to "common-law rulemaking,” it would be inappropriate to inject those considerations into the construction to be given a statute absent some indication rooted in the purpose or legislative history of the statute that the legislature intended to give force to those considerations through the enactment being construed.
 
 MOVE Organization
 
 v.
 
 United States Dept. of Justice,
 
 555 F.Supp. 684, 691-92 (E.D.Pa.1983). This court believes that whether a corporation is a "person" within the meaning of § 1915 does not depend on the purity of the corporation’s motives in prosecuting its interests in court, nor on the sympathy the court holds for the interests being advanced by the corporation.
 

 [5]
 

 . Act of July 20, 1892, ch. 209, 27 Stat. 252.
 

 [6]
 

 .
 
 See, e.g., Muller v. Dows,
 
 94 U.S. (4 Otto) 444, 445, 24 L.Ed. 207 (1876);
 
 Bank of the United States v. Deveaux,
 
 9 U.S. (5 Cranch) 61, 85, 3 L.Ed. 38 (1809).
 

 [7]
 

 . Act of Sept. 21, 1959, Pub.L. No. 86-320, 73 Stat. 590.
 

 [8]
 

 .
 
 See
 
 H.R.Rep. No. 650, 86th Cong., 1st Sess. 2-3 (1959); S.Rep. No. 947, 86th Cong., 1st Sess. 2-4,
 
 reprinted in
 
 1959 U.S. Code Cong. & Admin. News 2663, 2664-65.