**FDM MANUFACTURING COMPANY, INC., Plaintiff–Appellant,**

v.

**SCOTTSDALE INSURANCE COMPANY, et al., Defendants–Appellees.**

No. 88–3312.

United States Court of Appeals, Fifth Circuit.

Sept. 19, 1988.

Rehearing Denied Oct. 18, 1988.

Leonard E. Yokum, Jr., Hammond, La., for plaintiff-appellant.

David E. Walle, New Orleans, La., for Scottsdale Ins. Co.

Thomas B. Waterman, Ponchatoula, La., for D.J. Gendusa Ins., Agency.

Before REAVLEY, POLITZ, and SMITH, Circuit Judges.

PER CURIAM:

We are called upon today to determine whether corporations are entitled to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a). Concluding that Congress did not intend corporations to be "persons" for purposes of that statute, we hold that corporations may not be granted IFP status.

I.

Plaintiff FDM Manufacturing Company, Inc. ("FDM"), is a Louisiana corporation organized and managed by Frank Morgan. Frank Morgan's brother, Alford Morgan, owned a building which FDM and Frank Morgan leased to operate a business. Defendant Scottsdale Insurance Company ("Scottsdale") issued a fire insurance policy on the building, which six weeks later was destroyed by fire.

FDM sued Scottsdale to recover on the policy; Scottsdale defended on the ground of arson. After a non-jury trial, the district court made findings of fact and conclusions of law and entered judgment for Scottsdale, denying all recovery. FDM filed notice of appeal and a motion to proceed IFP. Without addressing the question of whether a corporation can be granted IFP status, the district court denied the motion on the ground that the affidavit attached to it was not signed by a corporate officer.

II.

On appeal, FDM renews its request for IFP status. The question of whether a corporation is entitled to the benefits of section 1915(a) as it now reads is one of first impression in this circuit. No court of

appeals,[1] and only a few district courts,[2] have squarely addressed the issue. We are guided and persuaded by the thorough and compelling analysis of this issue in *Move Org. v. United States Dep't of Justice*, 555 F.Supp. 684 (E.D.Pa.1983).

Section 1915(a) permits a court to authorize "a person," in appropriate circumstances, to commence an action without payment of costs. In determining whether Congress intended that a corporation be considered a "person" for purposes of the statute, we are confronted with both statutory provisions and legislative history.

Title 1 U.S.C. § 1 sets forth general rules for construing the United States Code. It provides that "[i]n determining the meaning of any Act of Congress, unless the context indicates otherwise ... the word [ ] 'person' ... include[s] corporation...." Although the text of section 1915(a) provides us with no immediate answer to whether a corporation is a "person," the section's legislative history provides compelling evidence that that is not what Congress intended.

As noted in *Move Org.*, the IFP statute, until its amendment in 1959, used the word "citizen" rather than "person." Hence, it was clear, before 1959, that a corporation could not be deemed a "citizen" for purposes of IFP status, and this court held conclusively that "corporations are not entitled to sue or appeal in forma pauperis." *Atlantic S.S. Corp. v. Kelley*, 79 F.2d 339, 340 (5th Cir.1935). To the same effect, a sister circuit concluded, "The corporation may not succeed in this motion [for IFP status], for it is not a citizen." *Quittner v. Motion Picture Producers & Distributors of Am.*, 70 F.2d 331, 332 (2d Cir.1934).

The 1959 amendment to section 1915(a) changed only one word—from "citizen" to "person." The only reason given, in the legislative history, for the change was to grant IFP status to aliens. *See* S.Rep. No. 947, 86th Cong., 1st Sess. 2–4 (quoting H.R. Rep. No. 650, 86th Cong., 1st Sess. 2–3 (1959)), *reprinted in* 1959 U.S. Code Cong. & Ad. News 2663, 2664–65 (cited in *Move Org.*, 555 F.Supp. at 691 n. 22).

This legislative history is convincing. We would be impermissibly reading more into the statute than Congress intended if we were to hold that the 1959 amendment added corporations as well as aliens to the list of those entitled to seek IFP status. While there may be perfectly sensible policy grounds for allowing financially strapped corporations to proceed IFP, we must leave it to the legislative branch to make that determination. As Judge Giles states in *Move Org.*, "although the policy analysis ... may be a valid method of common-law rulemaking, it is inappropriate as a method of construing this statute [footnote omitted]. It gives the word 'person' a meaning which cannot reasonably be found in the intent of Congress." 555 F.Supp. at 692.

Moreover, this court has already rejected the policy reasons proffered for treating indigent corporations like indigent natural persons:

> There would be no logical reason for extending the same privilege to corporations. Corporations, if litigants, may be presumed to have sufficient assets to pay costs or, if not, the stockholders would have sufficient interest to furnish security. Our conclusion is that the benefit of the law is confined to natural persons and corporations are not entitled to sue or appeal in forma pauperis.

**1.** *But see S.O.U.P., Inc. v. F.T.C.*, 449 F.2d 1142, 1142–43 (D.C.Cir.1971) (assuming *arguendo* that corporations are eligible for IFP treatment, IFP status denied because corporation not indigent); *id.*, 449 F.2d at 1143–45 (Bazelon, C.J., dissenting) (corporation entitled to IFP status).

**2.** *Move Org. v. United States Dep't of Justice*, 555 F.Supp. 684, 690–92 (E.D.Pa.1983); *Allen Russell Publishing, Inc. v. Levy*, 109 F.R.D. 315, 318 (N.D.Ill.1985) ("not at all certain" that corpora-

tions can proceed IFP); *Honolulu Lumber Co. v. Am. Factors, Ltd.*, 265 F.Supp. 578, 580–81 (D.Hawaii 1966), (corporations cannot enjoy IFP status); *Harlem River Consumers Co-op, Inc. v. Associated Grocers*, 71 F.R.D. 93, 95–96 (S.D. N.Y.1976) (non-profit corporation can sue IFP); *River Valley, Inc. v. Dubuque County*, 63 F.R.D. 123, 124–25 (N.D.Iowa 1974), *mandamus denied and appeal dism'd on other grounds*, 507 F.2d 582 (8th Cir.1974) (same).

*Atlantic S. S. Corp. v. Kelley*, 79 F.2d at 340. Instructed in particular by clear legislative history, we hold that corporations are not entitled to IFP treatment under 28 U.S.C. § 1915(a).

### III.

After reviewing the record, we conclude that FDM's appeal is entirely frivolous. Accordingly, we dismiss the appeal pursuant to Fifth Cir.Loc.R. 42.2.

The district court's findings were based upon its credibility determinations and upon the uncontradicted testimony of Scottsdale's expert. Appellant has not suggested any basis upon which we would hold that the district court's findings are clearly erroneous. *See* Fed.R.Civ.P. 52(a); *Pittman v. Gilmore*, 556 F.2d 1259, 1261 (5th Cir.1977). The well-settled rules of law applied by the district court fully support its verdict.

MOTION TO PROCEED IN FORMA PAUPERIS DENIED; APPEAL DISMISSED.