875 F.2d 862
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edward N. CARLTON, Plaintiff-Appellant,
v.
JACKSON COUNTY COURT; Michigan Department of Corrections;
T. McLauchlan; Defendants,
Officers Brian Peacock; Tweedie; and Wilmoth, Defendants-Appellees.
 No. 88-2255.
 United States Court of Appeals, Sixth Circuit.
 May 31, 1989.
 
 Before MERRITT and BOYCE F. MARTIN, Jr., Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Edward N. Carlton moves for a transcript at government expense on appeal from the district court's judgment for the defendants after a bench trial in this prisoner's civil rights case. 42 U.S.C. Sec. 1983. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The plaintiff is a prisoner at the State Prison for Southern Michigan in Jackson, Michigan. The defendants on appeal are prison officials. In his complaint, the plaintiff made numerous allegations of constitutional violations against the defendants. The district court held a bench trial on the issue of whether the defendants assaulted the plaintiff. After the plaintiff presented his case, the district court granted the defendants' motion for dismissal under Fed.R.Civ.P. 41.
 
 
 3
 Concerning the plaintiff's motion for a transcript at government expense, this court can only grant such a motion if it finds that the case is not frivolous but does present a substantial question. 28 U.S.C. Sec. 753(f). This panel holds that the appeal does not present a substantial question. Moreover, the record on appeal is adequate for a decision in this case. Harvey v. Andrist, 754 F.2d 569, 571 (5th Cir.), cert. denied, 471 U.S. 1126 (1985).
 
 
 4
 The plaintiff argues that the district court should have believed his testimony and the testimony of his witnesses that the defendants did assault the plaintiff while he was handcuffed. This issue is actually an attack on the credibility determinations made by the district court. Attacks on credibility determinations do not raise a substantial issue where the plaintiff does not suggest any reason why the findings of fact are clearly erroneous. Fed.R.Civ.P. 52; FDM Mfg. Co. v. Scottsdale Ins. Co., 855 F.2d 213, 215 (5th Cir.1988) (per curiam). Here the plaintiff has not presented any reason why the district court's findings of fact are clearly erroneous. Therefore, we will affirm the district court's decision on the assault issue.
 
 
 5
 The plaintiff also argues that he stated a claim concerning his allegations of false arrest. The district court properly held that the plaintiff did not state claim on this issue. A prisoner does not have a constitutionally guaranteed immunity from being falsely accused. Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir.1986) (prison disciplinary charge), cert. denied, 108 S.Ct. 1273 (1988). See also Baker v. McCollan, 443 U.S. 137, 146 (1979) (false imprisonment). The plaintiff does not make any allegations that would raise this issue to the level of a constitutional violation.
 
 
 6
 Finally, the plaintiff argues that the judge was biased because of statements the judge made at trial. These statements concerned the credibility of the plaintiff and his witnesses. The general rule is that bias and prejudice must be personal rather than judicial; the bias must arise from the background or the current situation of the judge, not from the judge's view of the facts or the law. In re M. Ibrahim Khan, P.S.C., 751 F.2d 162, 164 (6th Cir.1984). Here the district court was clearly expressing his opinion concerning judicial matters. Therefore, the plaintiff has not shown bias or prejudice on the part of the judge.
 
 
 7
 Therefore, the motion for a transcript at government expense is denied. The judgment of the district court is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.