**CALIFORNIA MEN'S COLONY, UNIT II MEN'S ADV. COUNCIL, Plaintiff–Appellant,**

v.

**James ROWLAND, Director, James H. Gomez, Sara Bruce, Leslie Bandaccari, Defendants–Appellees.**

**No. 90–55600.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 9, 1991.

Decided July 29, 1991.

Charles D. Weisselberg, James H. Locklin, University of Southern California Law Center, Los Angeles, Cal., for plaintiff-appellant.

Richard Thomson, Supervising Deputy Atty. Gen., Sacramento, Cal., for defendants-appellees.

Before TANG, REINHARDT and WIGGINS, Circuit Judges.

WIGGINS, Circuit Judge:

The California Men's Colony, Unit II, Men's Advisory Council ("the MAC") appeals the district court's denial of its motion pursuant to 28 U.S.C. § 1915(a) to proceed in forma pauperis in this civil rights action brought under 42 U.S.C. § 1983. The district court denied the motion on the ground that the appellant had not made an adequate showing of indigency as required by § 1915. The court also denied the MAC's request for reconsideration of that ruling. By order of July 20, 1990, we granted the MAC's motion to proceed in forma pauperis for the purpose of addressing an issue of first impression in this Circuit: whether an organization may proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The district court had jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3), and we have jurisdiction to review the denial of the MAC's motion under 28 U.S.C. § 1291. Because we find that the plain meaning of the statute indicates that associations may be authorized to proceed in forma pauperis, we reverse the district court's ruling.

## BACKGROUND

The MAC, which was created by the warden of California Men's Colony, is an association of inmates, elected by the general prison population, that acts both as an advocate for inmate interests and as a sort of prison administration/inmate liaison. It brought this action alleging violations of the eighth and fourteenth amendments of the United States Constitution based on the Department of Correction's June 1989 directive to all state prison wardens instructing them to discontinue the program, established in 1949, of providing free tobacco to inmates who are unable to afford it. The complaint seeks declaratory and injunctive relief to have the program reinstated.

At the time it filed the complaint, the MAC also filed a motion for leave to proceed in forma pauperis. Accompanying the motion was an affidavit signed by William Cochran, the Council's Chairman, indicating that the MAC is prohibited by prison regulations from holding any assets whatsoever. The district court adopted the magistrate's recommendation that the motion to proceed in forma pauperis be denied on the ground that the MAC had made an inadequate showing of indigency. In denying the MAC's request for reconsideration of that ruling, the court stated that "[i]f the requesting party wishes to amend its application to proceed in forma pauperis with details of each individual's indigency, the court will consider the amended applica-

tion." The MAC chose to file this appeal rather than to reapply.

By order of July 20, 1990, this Court granted the appellant's motion to proceed in forma pauperis for the purpose of addressing on appeal the question whether an organization may proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).[1] We also appointed counsel to represent the appellants, and directed the California Attorney General to represent the appellees.

## DISCUSSION

The parties agree that the issues raised by this appeal are purely legal questions that we review de novo. *United States v. McConney*, 728 F.2d 1195, 1201 (9th Cir.) (en banc), *cert. denied*, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

## I.

"When construing a statute, we look first to the plain meaning of the language in question." *S & M Inv. v. Tahoe Regional Planning Agency*, 911 F.2d 324, 326 (9th Cir.1990) (citation omitted), *cert. denied*, —— U.S. ——, 111 S.Ct. 963, 112 L.Ed.2d 1050 (1991). This "plain meaning rule" is based on the view "that in the vast majority of its legislation Congress does mean what it says and thus the statutory language is normally the best evidence of congressional intent." *Church of Scientology v. United States Dept. of Justice*, 612 F.2d 417, 421 (9th Cir.1979). When the plain language appears to settle the question, we " 'look to the legislative history to determine only whether there is clearly expressed legislative intention contrary to that language.' " *S & M Inv.*, 911 F.2d at 327 (quoting *INS v. Cardoza–Fonseca*, 480 U.S. 421, 432 n. 12, 107 S.Ct. 1207, 1213 n. 12, 94 L.Ed.2d 434 (1987)) (internal quotation omitted).

■ We must apply these principles of statutory construction to the federal in forma pauperis statute, codified at 28 U.S.C. § 1915, which provides in relevant part:

**§ 1915. Proceeding in forma pauperis**

(a) Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a *person* who makes affidavit that he is unable to pay such costs or give security therefor.

28 U.S.C. § 1915(a) (emphasis added). This case turns on whether the word "person" as used in § 1915(a) includes associations such as the MAC. The appellant argues that the question is conclusively resolved by reference to 1 U.S.C. § 1, which provides in part:

**§ 1. Words denoting number, gender, and so forth**

In determining the meaning of any Act of Congress, unless the context indicates otherwise— ... the word[ ] 'person' ... include[s] corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals. . . .

1 U.S.C. § 1. The MAC contends that this statutory scheme unambiguously establishes that associations such as itself qualify as a · "person" for purposes of § 1915(a), and that a federal court is therefore authorized to permit such an association to proceed in forma pauperis.

This position was first set forth in a dissenting opinion by Chief Judge Bazelon of the District of Columbia Court of Appeals in *S.O.U.P., Inc. v. F.T.C.*, 449 F.2d 1142, 1143–45 (D.C.Cir.1971) (per curiam) (Bazelon dissenting).[2] The majority in *S.O. U.P.* assumed without deciding that corporations could proceed in forma pauperis,

---

**1.** We note that our order instructed the parties to address a question upon which the district court did not expressly rule. That is, because the district court denied the appellant's motion to proceed in forma pauperis on the ground that it had not made an adequate showing of indigency, it did not decide the threshold question— which this Court instructed the parties to address in this appeal—of whether the statute au-

thorizes an organization to proceed in forma pauperis.

**2.** Two district courts have subsequently followed Judge Bazelon's lead. *See Harlem River Cons. Co-op. v. Assoc. Grocers, Etc.*, 71 F.R.D. 93 (S.D.N.Y.1976); *River Valley, Inc. v. Dubuque County*, 63 F.R.D. 123 (N.D.Iowa 1974).

but denied the motion on the grounds that the particular corporation involved had not submitted sufficient evidence of its indigency. *Id.* at 1142. Chief Judge Bazelon, believing "that the statute does apply to corporations and that the petitioner has satisfied all reasonable standards which might be applied to test such applications," *id.* at 1143 (Bazelon dissenting), wrote a persuasive dissent. We quote in full his concise and compelling discussion of the language of § 1915(a):

> Section 1915(a) provides that a federal court may authorize litigation without prepayment of costs "by a *person* who makes affidavit that he is unable to pay such costs or give security therefor." [Emphasis added.] The statute's reference to "person" does not indicate, however, that the section has no application to corporations. On the contrary, the statutory guidelines for the interpretation of Congressional acts, 1 U.S.C. § 1 (1970), make clear that the term "person" should ordinarily be taken to "include corporations ... as well as individuals." Moreover, there is no indication in the legislative history of § 1915 that Congress intended to depart from this well-established canon of statutory construction.

*Id.* (footnote omitted). We agree that the plain meaning of § 1915(a), when read in conjunction with 1 U.S.C. § 1, indicates that associations can proceed in forma pauperis if they meet the indigency requirements.[3]

To overcome the normal presumption in favor of a statute's plain meaning, the appellee argues that the legislative history reveals "no indication whatsoever that Congress intended to extend § 1915 to corporations." This peculiar argument—peculiar because, as we have just seen, the statutory language itself expressly indicates such an intent—is based on the statute's legislative history, or, more specifically, on its amendment in 1959.

From the time the in forma pauperis statute was first enacted in 1892 until 1959, it authorized federal courts to permit a "citizen" to proceed without paying fees and costs. In 1959, however, Congress, in response to a suggestion by the Department of Justice, amended the statute by substituting the word "person" for "citizen." The only piece of legislative history accompanying the amendment is a Senate Report describing its purpose as follows:

> The legislative proposal recommended by the Department of Justice would substitute the word "person" for the word "citizen." *Thus, indigent aliens would be extended the same privilege of proceedings in forma pauperis as is now afforded citizens.* It is the opinion of the Department of Justice that this proposal would be consonant with the ideas or policies of the United States.
>
> In addition, the Judicial Conference of the United States in recommending this legislation pointed out that the distinction between citizens and aliens as contained in existing law may be unconstitutional. Furthermore, it may also be in violation of various treaties entered into by the United States with foreign countries which guarantee to their citizens access of the courts of the United States on the same terms as American citizens.

S.Rep. No. 947, 86th Cong., 1st Sess. 2–4 (1959), *reprinted in* 1959 U.S.Code Cong. & Admin.News 2663, 2664 (emphasis added). The Report does not discuss the statute's applicability to associations, and it does not mention 1 U.S.C. § 1. Relying upon this legislative history, the appellees argue that the amendment's sole purpose was to extend the coverage of § 1915(a) to both citizens and aliens, and hence that Congress never intended it to apply to associations such as the MAC.

The appellee is far from alone in reaching the conclusion that this legislative history reveals a congressional intent to deny

---

**3.** We attribute no significance to the fact that *S.O.U.P.* involved a corporation, whereas this case involves an association or an organization. While such distinctions may affect a reviewing court's inquiry into a moving party's indigency

status, they do not affect the threshold question we decide here, which is whether non-natural persons, however classified, may proceed in forma pauperis under § 1915(a).

the benefits of § 1915 to all but natural persons (i.e. citizens and aliens). A majority of the courts that have addressed the question have also concluded, in reliance to a greater or lesser extent on this legislative history, that federal courts are not authorized to permit associations or corporations to proceed in forma pauperis.[4] Typical of the reasoning of these courts is the following passage from the only circuit court (the Fifth) that has confronted the issue squarely:

> This legislative history is compelling. We would be impermissibly reading more into the statute than Congress intended if we were to hold that the 1959 amendment added corporations as well as aliens to the list of those entitled to seek [in forma pauperis] status.

*FDM Mfg.*, 855 F.2d at 214.

## II.

With all due respect to the courts that have reached a contrary conclusion, we find nothing in this legislative history to justify a construction of § 1915 so flatly contrary to the statute's plain meaning. As we noted above, by far the most compelling interpretation of § 1915(a)'s plain meaning is that, when read in conjunction with 1 U.S.C. § 1, "person" refers both to natural persons and to entities such as corporations and associations. We agree with an earlier district court that, in the course of addressing this issue, noted that "Congress may be assumed to have been aware of [1 U.S.C. § 1] at the time of the 1959 amendment to § 1915." *Harlem River*, 71 F.R.D. at 97. After all, that is presumably why Congress chose to codify the canons of statutory construction in 1 U.S.C. § 1—so that it would be unnecessary to repeat these common principles of interpretation each time it enacts or amends a statute. According to the plain

meaning of the statute, then, associations are "persons" that may be authorized to proceed in forma pauperis.

■ That brings us to the legislative history. We may disregard the plain meaning of a statute only where there is a "clearly expressed legislative intention" contrary to that plain meaning. *Cardoza–Fonseca*, 480 U.S. at 432 n. 12, 107 S.Ct. at 1213 n. 12. We think that the most that can be said about that history is that it indicates that Congress did not explicitly consider whether the amendment to § 1915(a) would extend the statute's reach beyond citizens and aliens. Such congressional silence does not constitute the type of compelling contrary evidence we must find before abandoning a statute's plain meaning. Accordingly, we hold that § 1915 applies to associations.

## III.

■ We turn to the facts of this case. In general, given the procedural status of this case, we would be hesitant to decide whether the appellant should be permitted to proceed in forma pauperis. Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency. *See, for example, United States v. McQuade*, 647 F.2d 938, 940 (9th Cir.1981) ("When a claim of poverty is made under section 1915 'it is proper and indeed essential for the supporting affidavits to state the facts as to affiant's poverty with some particularity, definiteness and certainty.'" (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir.1960)). Because the appellant chose to appeal the district court's denial of its motion rather than to supplement its initial affidavit, we would normally be inclined to remand to the district court for a

---

4. *FDM Mfg. Co., Inc. v. Scottsdale Ins. Co.*, 855 F.2d 213, 214–15 (5th Cir.1988) ("legislative history is compelling"); *Honolulu Lumber Co., Ltd. v. Am. Factors, Ltd.*, 265 F.Supp. 578, 580–81 (D.Hawaii 1966) ("It thus appears that Congress never intended by this single word change in 1959 to extend this privilege to a whole new class of artificial persons."); *Sears Roebuck & Co. v. C.W. Sears Real Estate*, 686 F.Supp. 385, 386–88 (N.D.N.Y.) ("no evidence whatsoever that Congress intended to extend the statute's coverage to corporations"), *aff'd*, 865 F.2d 22 (2d Cir.1988); *MOVE Organization v. U.S. Dept. of Justice*, 555 F.Supp. 684, 690–92 (E.D.Pa.1983) (rule that § 1915(a) extends only to natural persons "is the better reading of the legislative history").

conclusive determination as to the appellant's indigency status.

However, it is unnecessary to remand this case for that purpose. It is undisputed that the MAC is prohibited by prison regulation from maintaining any assets, including a bank account. Thus, not only is the appellant indigent, but that state of affairs is clearly not due to any effort on the part of its members to obtain the benefits of litigation without bearing the ordinary financial burdens. Accordingly, we find that the MAC has conclusively established that it meets the statute's indigency requirements. On remand, then, the district court shall grant the appellant's motion to proceed in forma pauperis.

We wish to clarify what we do not decide today. Having determined that non-natural persons such as corporations and associations may proceed in forma pauperis if they meet the indigency requirements, the facts of this case do not permit us to delineate the procedure by which reviewing courts are to make that indigency determination. Other courts that have decided this issue have discussed the unique considerations that confront a court in making this determination; we are not unwary of the complexities that might arise in determining whether corporations or associations are indigent, but those issues are not properly before us. And in any case, we do not think it would be wise to attempt a comprehensive test for determining indigency. The nature of that inquiry will vary depending upon the particular characteristics of both the affiant and the case, and we are loath to fetter the discretion of future courts called upon to determine whether a party can satisfy the statutory requirements.[5]

### CONCLUSION

We hold that associations are "persons" within the meaning of 28 U.S.C. § 1915(a), and hence that they may proceed in forma

pauperis. If we have misread the true intention of Congress, it may of course alter the statute so as to preclude associations from qualifying for in forma pauperis status. Further, we find that the appellant has established its indigency such that it should be permitted to proceed in forma pauperis in this case. The district court's order is REVERSED and this matter is REMANDED for further proceedings.

---

5. In particular, although we reject the approach suggested by the district court of reviewing the finances of MAC members to determine whether the association is indigent, we do so only on the ground that members are prohibited by prison regulation from contributing funds to the MAC. We do not decide, as a general matter, the relevance of members' individual finances in determining an association's indigency.